IRA W. TYLER *v.* STATE.

CRIMINAL LAW. *Unnecessary averment descriptive of offense. Variance.*

> In an indictment for unlawful retailing, though it is unnecessary to charge to whom the liquor was sold, yet, if a sale to two named persons is averred, this becomes essential as descriptive of the offense, and it is a fatal variance if the evidence is of a sale to one only. *John* v. *State*, 24 Miss., 569; *Dick* v. *State*, 30 *Ib.*, 631.

FROM the circuit court of Lincoln county.
HON. J. B. CHRISMAN, Judge.

Appellant was convicted on a charge of unlawful retailing. The opinion states the case.

*A. C. McNair*, for appellant.

But one sale is charged, a sale to two. The proof was of sale to one. This was a fatal variance. *State* v. *Barron*, 37

Vt., 57. The like rule applies as in cases of larceny, where ownership of the property is laid in one, and the evidence shows a joint ownership by such person with another. *Mc-Dowell* v. *State*, 68 Miss., 348.

*T. M. Miller*, attorney-general, for the state.

It is submitted that it was immaterial to whom liquor was sold. Therefore, it was unnecessary to aver to whom the sale was made. Proof of any sale within two years was sufficient. There is no such thing as a variance in respect to mere surplusage.

Again, as there is nothing in the statute having reference to the status of the purchasers, it is not a material variance between the allegation and proof, when a joint sale is charged, that a purchase by one of the persons named was proved.

Further, if the above view is not correct, the conviction is still maintainable because the indictment does not allege a joint sale, but a sale to two, or two sales; proof of one sale was sufficient.

COOPER, J., delivered the opinion of the court.

There is a fatal variance between the allegations of the indictment and the evidence. The indictment charges that the defendant, in violation of law, sold certain intoxicating liquors to James Robertson and Henry Briner. The evidence is of a sale to Briner alone.

It was unnecessary to charge to whom the sale was made, since any sale was unlawful; but by charging that the sale for which the indictment was preferred was the one (or some one) to Robertson and Briner, the unnecessary averment became essential, as one descriptive of the offense charged. In the case of *John, a slave*, v. *The State*, 24 Miss., 569, the indictment charged that the accused was the property of John D. Cook, and it was held that, although the averment was unnecessary, and need not have been made, yet, being inserted in the indictment, it became essential as descriptive of the person of the accused, and must be proved.

In speaking of the rule that immaterial averments may be rejected as surplusage, the court said: "But this rule has never been held to apply to allegations which, however unnecessary, are nevertheless connected with and descriptive of that which is material; or, in other words, to averments which might, with propriety, have been dispensed with, but, being inserted in the indictment, are descriptive of the identity of that which is legally essential to the charge, as, for example, an indictment for stealing a black horse will not be supported by proof that the horse was of some other color, for the allegation of color is descriptive of that which is legally essential to the offense, and cannot be rejected."

In *Dick* v. *The State*, the indictment unnecessarily charged that the defendant was ·a negro. The evidence showed him to be a mulatto. The variance was held to be fatal. 30 Miss., 631.

Where the entire averment of which the descriptive matter is a part, is surplusage, it may be rejected, and the descriptive averment need not be proved. 1 Bishop on Crim. Proc., § 488. But it must be proved as charged, wherever, if the person, thing, act, place or time to which it refers was struck from the indictment, no offense would be charged. *Ib.*, § 486.

*Judgment reversed.*