[No. 4403.]

## CREMAR v. THE PEOPLE.

1. **Informations and Indictments—Murder.**
   An information or indictment for murder which sets forth the crime in the language of the statute is sufficient.
2. **Same.**
   Where an information or indictment for murder gives the name of the person killed it imports that deceased was a human being and it is not necessary to allege that he was a human being.
3. **Instructions.**
   On appeal from a conviction for murder an assignment of error based on a refusal to give the ordinary instructions upon the presumption of innocence and reasonable doubt as requested, will not be considered where the record fails to show that any such instructions were requested or refused, and does show that the court of its own motion gave approved instructions upon these points.

*Error to the District Court of El Paso County.*

Mr. GEORGE H. KOHN, for plaintiff in error.

Mr. C. C. POST, attorney general, and Mr. JAMES D. MERWIN and Mr. GEORGE M. POST, assistants attorney general, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Defendant brings error to set aside a sentence under a conviction of murder of the second degree.

Owing to a series of misfortunes which he relates in his briefs, he has not lodged in this court such a record as, under the rules, entitles him to have it reviewed; but if all irregularities and defects in the transcript which has been filed be overlooked, the judgment cannot be disturbed. The errors argued are: (1) That the information does not charge defendant with the killing of a human being, or with any crime at all; (2) that the court erred in refusing to instruct the jury as requested by defendant; (3) that the court erred in the giving of certain instructions.

1. The information sets forth the crime in the language of the statute, and this, under section 1433 Mill's Ann. Stats., is sufficient. The particular point urged under this assignment is, that the information does not allege that the deceased was a human being. The rule seems to be well settled that where, as in this case, the name of the person killed is given in the information, this imports that the deceased was a human being. *Palmer v. People,* 138 Ills., 356-362; *State v. Smith,* 38 La., Ann., 301; 10 Enc. Pl. and Pr., 146; 9 Am. & Eng. Enc. Law (1st ed.), 638, note 9.

It is clear that under our statute the indictment charges defendant with the crime of murder.

2. The assertion that the court refused the request of defendant to give the ordinary instructions respecting the presumption of innocence that attends one charged with crime, and defining a reasonable doubt, is not borne out by the record before us. That which defendant claims is a correct transcript does not show that a request was made or refused touching the instructions alleged by counsel in his brief to have been asked by him and refused by the court. · On the contrary, it appears that the instructions upon these two points, as approved in the case of *Minich v. People*, 8 Colo., 440, and by Thompson in his work on Trials, § 2641, were given by the court of its own motion.

3. If it be assumed that the alleged transcript contains all of the instructions given by the court, then the law applicable to the facts as disclosed by the evidence was correctly given to the jury. The criticism by defendant of the rulings of the trial court might have been entirely disregarded, since our practice has not been complied with; but as it would seem that, upon the showing made, the usual consequences of such failure should not be visited upon defendant, we have waived these requirements for the purpose of this review, and, on their merits, disposed of the matters assigned for error.

Finding no erroneous rulings the judgment must be affirmed.                    *Affirmed.*