## DYE *v.* STATE.

[90 South. 180. No. 22140.]

1. HOMICIDE. *"Malice aforethought" is equivalent to "premeditated design" or "deliberate design," and not "felonious design to effect the death of the person killed."*

   An instruction granted the state defining "malice aforethought" as "the felonious design or purpose to effect the death of the person killed" is erroneous. "Malice aforethought" is equivalent to "premeditated design," or "deliberate design."

2. HOMICIDE. *Killing with felonious design in heat of passion is manslaughter.*

   One may have a felonious design to kill and kill in the heat of passion, which is manslaughter.

3. HOMICIDE. *Erroneous instruction held not prejudicial where defendant could not be convicted of manslaughter.*

   Where a defendant is guilty of murder or nothing, he could not be prejudiced by the giving of this instruction.

On suggestion of error. Suggestion overruled.
For former opinion, see 90 So. 101.

*C. F. Moss,* for appellant.

The word felonious is defined by Webster as meaning malignant, malicious, villainous, traitorous and perfidious. Section 1345, Hemingway's Code, Section 1578, Code of 1906, defines felony as any violation of the law punishable by death or confinement in the penitentiary.

Felonious homicide is the offense of killing a human creature without excuse or justification. There are two degrees of this offense, manslaughter and murder, and "feloniously" is an indispensable word in modern indictments for felony. Black's Law Dictionary, page 483. So "felonious design or purpose" as used in said instruction Number 2 cannot mean the same thing as deliberate design, as used in our statute defining murder. There must be a "felonious design or purpose" to affect the death of another even in a case of manslaughter.

Therefore, we would respectfully submit that the giving of said instruction Number 2 in this cause by the lower court is fatal and the case must be reversed on that account alone.

The first part of instruction Number 3 for the State shown on page 15 of the record is fatally defective in that it says that it is sufficient to convict of murder if a person feloniously aids, assists or abets, knowingly in affecting the death of another person. We submit that a person may aid, assist and knowingly abet another in affecting the death of another person and be guilty of no crime at all, or he may be guilty of manslaughter.

The court will also bear in mind that the last part of this instruction Number 3 does not require the jury to believe certain material facts from the evidence beyond every reasonable doubt. See authorities cited in our original brief.

*H. Cassedy Holden,* Special Assistant Attorney-General, for the state.

The appellant objects to instruction Number 1 granted to the state, it is contended that this instruction erroneously defines murder. The instruction defines murder as "the unlawful, willful and felonious killing of a human being with malice aforethought and not in necessary self defense." A more correct, and succinct definition of murder cannot be framed.

The appellant insists that the instruction is defective in that it omits the words without authority of law to sustain this contention. Appellant cites *Ivy* v. *State,* 84 Miss. 264, 36 So. 265; *McNeal* v. *State,* 115 Miss. 678, 76 So. 625; *Rutherford* v. *State,* 100 Miss. 832, 57 So. 224. The instructions condemned in the Ivy case and in the Rutherford case were practically identical. The instruction in the Ivy case was as follows: "The court instructs the jury that murder is the killing of a human being with deliberate design to effect the death of the person killed, and if the jury believed from all the evidence in the case, beyond a reasonable doubt, that the defendant Dotts Ivy so killed the deceased, then the jury will find the defendant guilty as charged.

It will be noted that the instruction in the Ivy case contains neither the words without authority of law nor the word unlawful or unlawfully. Whereas, in the case at bar, the instruction complained of does not contain the word unlawful.

The instruction condemned in the McNeal case is as follows: The court instructs the jury that if you believe from the evidence beyond a reasonable doubt that the defendant killed the deceased in the heat of passion, without malice, at a time when he was in no danger, real or apparent, of loosing his life, or of receiving great bodily harm at the hands of the deceased, you will find him guilty of manslaughter, etc.

It will be noted that this instruction does not contain the words without authority of law nor the word unlawful, or unlawfully, so, it is seen that the three cases above discussed are not in point with the case at bar. There is no applicable difference between the word unlawful, and the words without authority of law. Both of these terms mean identically the same thing. They are synonymous and interchangeable. It is therefore submitted that instruction Number 1 for the state is a perfectly proper instruction.

The appellant complains also of instruction Number 2 for the state. This instruction reads as follows: The court instructs the jury for the state that the term malice aforethought as used in these instructions means a felonious design or purpose to effect the death of the person killed, and that it is sufficient in law if such purpose or design exists immediately before or at the time of the killing.

This instruction is materially different from the instruction condemned in *McDonald* v. *The State,* 78 Miss. 369, 29 So. 171. The instruction in the McDonald case is as follows: The court instructs you for the state that while premeditation and malice aforethought are necessary ingredients in the crime of murder, this does not mean hatred or ill will, but means the same in law as deliberate designs, and need not exist in the mind of the slayer for any definite time, not for days or hours or even minutes; but if the design to kill exists but for an instant at the very time the fatal blow was struck, this is sufficient premeditation to constitute the offense.

Nor is the instruction in the case at bar like the instruction condemned in the case of *Gamblin* v. *State,* 29 So. 764. The following is quoted from the opinion in the Gamblin case:

"The seventh instruction in behalf of the state is, in our opinion, erroneous, in not submitting as a question for the determination of the jury whether the killing of the deceased by the defendant was done upon malice, or upon heat of passion engendered by a mutual combat wherein

blows were passed upon each side." Murder may be committed in a sudden encounter and the deliberation may be only for a moment. *King* v. *State,* 74 Miss. 576, 21 So. 235. The essential element of deliberation need only exist for a moment. *Johnson* v. *State,* 79 Miss. 42, 30 So. 39; *Hathorne* v. *State,* 58 Miss. page 788.

The following is quoted from 13 R. C. L. paragraph 75 at page 767: "It is otherwise, however, in respect of malice which is described as being aforethought, or express. To the state of mind described by these terms it is imperative that the design to kill shall have existed for some appreciable period of time before the commission of the homicidal act. The law, however, recognizes no particular length of time for the formation of the design to kill or for carrying it into execution. Any period no matter how brief it may be, will suffice, provided only that the formed intent to kill precede the homicidal act. It does not follow, because the killing was the result of the prompt and speedy execution of a hasty or immediate resolution, that it may not have been done with express malice. While some length of time must elapse and this must be an appreciable period; it is sufficient if the slayer in fact understood and contemplated the consequences of his act.

It is certainly the law that the malice aforethought or deliberate design, in murder cases, may be formed in an instant and need not be harbored for more than an instant previous to the killing. Instruction Number 2 for the state is in harmony with this rule.

In *Lofton* v. *State,* 79 Miss. 723, 31 So. 420, Chief Justice WHITFIELD held that the following instruction, though erroneous, was not fatally so in its last paragraph.

Number 2. Every wilful killing of a human being which is not excusable or justifiable by law is either murder or manslaughter murder if it be done deliberately, manslaughter if done without any deliberation whatever; and the deliberation necessary to constitute murder need only to exist for an instant before the killing. It is sufficient if the purpose to kill is distinctly formed in the mind,

though it be but an instant before the fatal shot is fired. If there was error in instruction Number 2 for the state, this error was cured by the instructions for the defendant, especially instruction Number 15-A.

It is respectfully submitted that the instructions for the state and for the defendant, taken as a whole, furnished a fair and sufficient guide to the jury for the proper determination of the case, and this court will not reverse the judgment of the lower court in this case because of the failure or refusal to grant instructions for the defendant which were not necessary to him and lacking which he suffered no prejudice. *Mabry* v. *State*, 71 Miss. 716, 14 So. 267; *Harper* v. *State*, 83 Miss. 403, 35 So. 572; *Smith* v. *State*, 107 Miss. 486, 65 So. 564; *Davis* v. *State*, 108 Miss. 710, 67 So. 179. Nor will this court reverse the judgment of the lower court because of erroneous instructions which were not prejudicial. *Wesley* v. *State*, 37 Miss. 327; *McGuire* v. *State*, 37 Miss. 369; *Mask* v. *State*, 36 Miss. 77; *Evans* v. *State*, 44 Miss. 762. If the guilt of the accused is clearly demonstrated there will be no reversal on account of erroneous instructions. *Vance* v. *State*, 62 Miss. 137; *Allen* v. *State*, 66 Miss. 385, 6 So. 242; *Drummond* v. *State*, 103 Miss. 221, 60 So. 138.

The appellant contends that an instruction on manslaughter should have been given by the court on its own motion. No such instruction was requested by the state or by the defendant.

On a murder trial the court is not authorized, unless requested, to give an instruction on manslaughter. *Edwards* v. *State*, 47 Miss. 581. But, granted that the court may have charged, the jury on manslaughter of its own motion, would it have been proper to do so in this case? Where the evidence shows that a defendant is either innocent or guilty of murder, it is erroneous to give a manslaughter instruction. *Parker* v. *State*, 102 Miss. 113, 58 So. 978; *Rester* v. *State*, 110 Miss. 689, 70 So. 881.

The elements of manslaughter do not appear in the evidence in this case.

Sykes, P. J., delivered the opinion of the court.

The judgment of the lower court in this case was affirmed without a written opinion. In a suggestion of error it is earnestly insisted that the judgment should have been reversed and the cause remanded because of the following instruction granted to the state: "The court instructs the jury for the state that the term 'malice aforethought' as used in these instructions, means the felonious design or purpose to effect the death of the person killed, and that it is sufficient in law if such purpose or design existed immediately before or at the time of the killing."

It is true that this instruction is erroneous, and is not a correct definition of "malice aforethought." In this state "malice aforethought" is equivalent to "premeditated design," or "deliberate design." *Hawthorne* v. *State,* 58 Miss. 788. A felonious design is not the same as a premeditated or a deliberate design.

One may have a felonious design to kill and yet kill in the heat of passion. If there had been any of the elements of manslaughter in this case a very serious question would have been presented, but the defendant was either guilty of murder or nothing. There were no elements of manslaughter in the case, and the question of manslaughter was properly not submitted to the jury. Consequently we are of the opinion that no prejudicial error was committed by the giving of this instruction.

The suggestion of error is overruled.