DURR v. STATE.

(Division A. May 11, 1936.)

[168 So. 65. No. 32060.]

798

**E. L. Dent,** of Collins, and **Livingston & Milloy,** of Prentiss, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **G. Milloy** for appellant and by **W. D. Conn, Jr.,** for the State.

**Cook, J.,** delivered the opinion of the court.

In the circuit court of Covington county, appellant, Guysell Durr, was convicted of the murder of Handy Norwood, and was sentenced to the state penitentiary for life, and from this conviction and sentence he prosecuted this appeal.

The deceased, Handy Norwood, was the grandfather of appellant's wife and was over seventy years of age. The appellant and the deceased lived about half a mile apart, and on the day of the killing, the said Norwood was found lying on the side of a road or path about a quarter of a mile from appellant's home. His head and face were badly cut and bruised, and his skull crushed, and he died a short time later without regaining consciousness. To establish the charge of murder against the appellant, the state offered evidence of the finding of the body and the location thereof, and the physical facts surrounding it, including the fact that no weapon was found on or near the deceased's body. There was also offered the testimony of the physician who was called to attend the wounded man. He testified that there were three or four deep gashes in the scalp which were inflicted with some blunt instrument, and in describing the condition of the deceased, he testified as follows:

"I found him with serious wounds on his face and skull. I could see his brains. His skull was almost beaten into a pulp, and his cheek bone all crushed, and the forepart of his skull was crushed. You could easily have run your finger in and touched his brains. The

brains were very visible. His head was just all beaten into a jelly, you might say."

A daughter of the deceased and her husband testified that five days after the killing they found a piece of iron about ten inches long, one and one-half inches wide, and one inch thick in the grass or weeds near where the body of the deceased was found, and that this piece of iron was wrapped in a bloody handkerchief which belonged to appellant. The piece of iron was introduced in evidence and was identified by these two witnesses as having been formerly used by the appellant in connection with the cooking stove in his home.

The sheriff testified that when he arrested the appellant shortly after the killing, he admitted that he struck the deceased with a piece of iron which he threw away near the scene of the killing; that he then took a gun from the deceased's person and fired it three times and left the scene; and that he threw the gun away about a mile from the scene. This pistol was found at the point where the appellant said he threw it away. The admissions and statements of the appellant as to the circumstances of the difficulty as detailed by the sheriff do not differ in material respects from the version thereof given by the appellant as a witness in his own behalf, and which is hereinafter set forth more at length.

Appellant testified that shortly before the difficulty, when he and his wife were at or near the home of the deceased, his wife reported to the deceased the fact that they had had a difficulty the day before and that Norwood then threatened to kill him if he ever hit his wife again; that he (the appellant) then started toward his home and soon discovered that Norwood was following him; that he proceeded to his home and hurriedly secured his baby and some clothes and left the premises through the front yard and gate before Norwood reached the back of the house; that as he passed through his yard he picked up the piece of iron that he described

as being a part of a wagon tire, somewhat longer and wider than the iron found near the scene of the killing and introduced in evidence.

He further testified that when he had proceeded about a quarter of a mile Norwood caught up with him, and cursed him and threatened to kill him if he did not surrender the baby; that he did not surrender the baby, but placed it on the ground and asked Norwood "to go on and let me alone;" that Norwood replied, "No, I will kill you if you don't give me the baby;" that Norwood then started to draw a pistol; and that when he saw the handle of the pistol he struck Norwood with the piece of iron he had been carrying in his hip pocket. He further testified that he did not know how many times he struck the deceased, but that he did not strike him after he fell; that he took the pistol from the deceased's person and fired it three times, and then took his baby and left the scene. He denied that he used the piece of iron that was introduced in evidence, and denied that he owned the handkerchief that was wrapped around this iron when it was found. Several witnesses testified as to the previous good character of the appellant.

The first question that arises on this appeal is whether or not the court which tried the appellant was properly convened and organized. The convening order recites as follows:

"Minutes Covington County Circuit Court, October Special Term 1935.

"State of Mississippi, Covington County.

"Be it remembered that a Special Term of the Circuit Court of Covington County, State of Mississippi, was begun and held according to law at the Court House in the Town of Collins, said County and State, on the First Monday in October A. D. 1935 being the 7th day of said Month, the time fixed by law for holding said Court, with the following named officers present, to wit.'"

It will be noted that this convening order recites that the court was convened on the first Monday of October, A. D. 1935, being the 7th day of said month, "the time fixed by law for holding said court." The first Monday of October is not the time fixed by statute for the holding of the regular term of the circuit court of Covington county, but it will be further noted that the caption of the minutes of the term recites that it was a special term of the court, while the convening order recites on its face that it was a "special term of the Circuit Court of Covington County, State of Mississippi, . . . begun and held according to law." Under the provisions of section 731, Code of 1930, a special term of the circuit court can only be convened and held upon an order of the judge, made either in term time or in vacation, calling such term, but the failure of the clerk to enter the order calling the special term on the minutes does not oust the court of jurisdiction. Ex parte Neil, 90 Miss. 518, 43 So. 615. Since the statutes do not so provide, the recital in the order that the first Monday of October, 1935, was the time fixed by law for holding a term of the court was and is manifestly erroneous, while the important and necessary jurisdictional fact that the term of court which was convened on that date was a special term sufficiently appears in the convening order.

It appears from the record that the blows from which the appellant died were inflicted in Jefferson Davis county, while the death occurred in Covington county. Section 1187, Code of 1930, provides that "where the mortal stroke or other cause of death occurs or is given or administered in one county, and the death occurs in another county, the offender may be indicted and tried in either county," and under this statute jurisdiction attaches in the county where the prosecution is first begun. Neither the jurisdiction of the Covington county court, nor the validity of the indictment was challenged

by plea, motion to quash, or otherwise, but was attempted to be raised for the first time by an offer of testimony before the jury tending to show that. a prosecution was first begun in Jefferson Davis county. This tesitmony was excluded, and the appellant assigns its exclusion as error.

This jurisdictional question was one for determination by the court and not the jury, and where a lack of jurisdiction appears on the face of the record it can be raised in a proper way at any time, even for the first time in this court, but lack of jurisdiction by reason of a prior prosecution having been begun in another county cannot be made to appear of record in the trial of the cause by mere oral testimony before the jury, unsupported by any record of such purported former prosecution. There was no competent evidence of a prior prosecution introduced or offered by the appellant.

The assignments of error based upon the overruling of the motion to exclude the state's evidence and direct a verdict of not guilty, and the refusal of the peremptory instruction requested by appellant at the conclusion of all the evidence, present the same issues and will be considered together. In support of these assignments the appellant relies upon the rule announced in Weathersby v. State, 165 Miss. 207, 147 So. 481, and numerous other decisions of this court, to the effect that, where a defendant is the only eye witness to a homicide, his version of the facts, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by credible witnesses or physical facts and circumstances in evidence.

The presumption of malice which arises from the killing of a human being with a deadly weapon will prevail and characterize the act as murder, unless the facts in evidence change the character of the killing by showing either justification or necessity, and as said in Bennett v. State, 152 Miss. 728, 120 So. 837, 838, "if

the facts relied upon to change such presumption are unreasonable and improbable, or if they are contradicted by physical facts and circumstances in evidence, then the jury may find a verdict either of murder or manslaughter, according to the circumstances and facts in evidence.'' In the case at bar the nature, character, and extent of the wounds on the deceased's face and head, in connection with the testimony as to the finding of the piece of iron near the scene partially wrapped in a bloody handkerchief belonging to the appellant, tend to show preparation to use the iron as a club, and to contradict appellant's version that when the deceased started to draw a pistol he (appellant) suddenly drew from his hip pocket a piece of iron of the dimensions stated by him, and struck the deceased only while he was standing on his feet and to protect himself from death or serious bodily injury. Upon the whole evidence we think the question of whether the killing was murder or justifiable homicide was one for the jury, and that no error was committed by the court in failing to instruct the jury that it could not render a verdict for any higher crime than manslaughter.

Appellant next complains of an instruction which directed the jury to convict, if it believed from all the evidence and circumstances in the case that the defendant was guilty, the criticism of this instruction being that it authorized the jury to consider circumstances not proved or in evidence. If this instruction can be so construed, it certainly could not have misled the jury, particularly in view of the other instructions for the state, and the many full and accurately drawn instructions granted the appellant which limited the jury to a consideration of the facts in evidence. The state's instructions fully recognized the appellant's right of self-defense and his right to act upon apparent danger, and there is no conflict between them and those granted the appellant which fully, accurately and repeatedly

stated the law of self-defense as applied to the facts and circumstances in evidence. We do not think any of the other assignments of error are of sufficient merit to call for a discussion thereof. The judgment of the court below will, therefore, be affirmed.

Affirmed.