## WHITE *v.* STATE.

(Division A.   May 31, 1937.)

[174 So. 562.   No. 32666.]

**Chalmers Potter**, of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Cook, **J.**, delivered the opinion of the court.

Appellant was convicted in the circuit court of the First judicial district of Hinds county on a charge of bigamy, and from a sentence of three years in the State Penitentiary, he prosecuted this appeal.

In lieu of a transcript of the evidence, an agreed statement of the facts was submitted. This statement shows that the appellant, together with Evelyn Ogden Ewers, moved from Lynchburg, Va., to Jackson, Miss., on May

25, 1931; that in Jackson appellant introduced the said Evelyn Ogden Ewers as his wife, and thereafter they lived together and were recognized as man and wife until June 12, 1936; that when they arrived in Jackson they had one child whom they introduced as their daughter; and that during their residence in Jackson as husband and wife a son was born to them. It was further agreed, and shown by an exhibit to the statement of facts, that on June 2, 1936, the appellant and his purported wife entered into a separation agreement whereby he agreed to pay to Mrs. White and their children the sum of $20 per week for their support and maintenance, which amount the wife agreed to accept without resort to the courts for alimony so long as these weekly payments were promptly made. This agreement recites, in part, as follows: "Whereas Mr. and Mrs. E. P. White have had recently some marital differences and; Whereas Mr. White intends to live apart from them and; Whereas, He desires to comply with the law and with his own wishes, in providing for his two children, support money and for his wife, alimony, out of each of his weekly wage checks. It is, therefore hereby agreed by and between Mr. E. P. White and Mrs. Evelyn Ewers White, his wife, that the said Mr. White hereby agrees to pay $5.00 each week for the support of his oldest child, to-wit, Dorothy White, girl nine years old; and $5.00 per week support money for another child, James White, 18 months old; and $10.00 per week alimony for said wife."

It was further agreed in the statement of facts that if there was a ceremonial marriage between these parties, such ceremony was performed in the state of Virginia, and that the appellant and one Sadie Nordin entered into a ceremonial marriage in the First judicial district of Hinds county, Miss., on July 25, 1936.

The facts as to the relations of the appellant and Evelyn Ogden Ewers within the state of Mississippi, as above outlined, were sufficient to establish a common-law marriage contracted and consummated in this state

in the year 1931, but the indictment charged the consummation of a marriage between these parties on April 6, 1925, and it is agreed that if there was a ceremonial marriage between these parties it was performed in the state of Virginia, a state which does not recognize common law marriages.

The allegations in the indictment of a marriage between these parties on April 6, 1925, could have no reference to a common-law marriage contracted in this state, and there was no proof of any marriage, either ceremonial or common law, at the time laid in the indictment. It was perhaps unnecessary to allege the time of a former marriage, a point on which the authorities are divided, yet since the time of the former marriage was set out in the indictment, the proof must correspond with the indictment in that respect. 7 C. J. 1168, Keneval v. State, 107 Tenn. 581, 64 S. W. 897. Consequently, for the indicated variance between the proof and the averments in the indictment, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.