WORD *v.* STATE.

(Division A.    Feb. 14, 1938.)

[178 So. 821.    No. 33000.]

Mack L. Boykin, of Vaiden, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

**McGehee, J.**, delivered the opinion of the court.

The appellant was convicted in the circuit court of Attala county under an indictment charging that Walter Word (omitting the formal parts) "did wilfully, unlawfully and feloniously make an assault with a certain deadly weapon, to-wit, a knife, and with said deadly weapon and knife did then and there wilfully, unlawfully and feloniously, cut, wound and bruise one Frank Heard, a human being, with the wilful and felonious intent then and there with his malice aforethought to kill and murder."

No point is made as to the sufficiency of the evidence to establish the facts alleged in the indictment; but the contention is made that the indictment does not sufficiently charge the crime of assault and battery with intent to kill and murder the particular person assaulted. We think, however, that this position of the appellant is not well taken. In the case of State v. Snowden, 164 Miss. 613, 145 So. 622, it was said: "The formal and technical words of the statute are dispensable in an indictment. If the offense charged is certainly and substantially described in language equivalent in meaning to the language of the statute, it is sufficient [citing several cases]." We are of the opinion that the indict-

ment in the present case sufficiently charges the crime of assault and battery with intent to kill and murder under section 787, Code of 1930.

It is next contended that one of the instructions given the State was erroneous, in that the jury was told that if they believed from the evidence beyond a reasonable doubt that "the defendant, Walter Word, cut and wounded Frank Heard with a deadly weapon without authority of law and with the deliberate design to effect his death," etc., it was the duty of the jury to find the defendant guilty as charged; and "that the words 'deliberate intent' and 'deliberate design,' as used in the instruction, and 'malice aforethought,' meant one and the same thing." There was no error in this instruction under the rule announced in the following cases: McDaniel v. State, 8 Smedes & M. 401, 47 Am. Dec. 93; Hawthorne v. State, 58 Miss. 778; Dye v. State, 127 Miss. 492, 90 So. 180; Huddleston v. State, 134 Miss. 382, 98 So. 839.

We find no error in the record, and the judgment of the court below will therefore be affirmed.

Affirmed.