ROWLAND *v.* STATE.

(Division B. Oct. 10, 1938.)

[183 So. 527. No. 33270.]

**J. E. Aldridge**, of Winona, and **Alfred Moore**, of Hattiesburg, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the State.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the Circuit Court of Monroe County of the crime of assault and battery on Emmett Merchant with intent to kill and murder, and sentenced to the penitentiary for the term of five years. From that judgment, he prosecutes this appeal.

The indictment failed to charge that Emmett Merchant was a human being. Appellant argues that, therefore, it charges no offense. The indictment is not void. At most, it is only defective. Our Court has not passed on the question, but Courts in other jurisdictions have held that such an omission is not even a defect. Palmer v. People, 138 Ill. 356, 28 N. E. 130, 32 Am. St. Rep. 146; Bowers v. State, 122 Wis. 163, 99 N. W. 447; People v. McNulty, 93 Cal. 427, 26 P. 597, 29 P. 61.

We do not pass on that question because it is not necessary. Under Section 1206 of the Code of 1930, if a defect it should have been availed of by demurrer to the indictment prior to the impaneling of the jury. The question cannot be raised first on appeal. McQueen v. State, 143 Miss. 787, 109 So. 799; Moran v. State, 137 Miss. 435, 102 So. 388; Patterson v. State, 127 Miss. 256, 90 So. 2.

Appellant argues as error the giving of an instruction for the state in which it was assumed that a pistol used was a deadly weapon. There is no merit in this contention. Section 853 of the Code denominates a pistol as a deadly weapon. Appellant's other assignment of error is without sufficient merit to call for discussion by the Court.

Affirmed.