WAGGONER *v.* STATE.

(Division A. Nov. 28, 1938.)

[184 So. 633. No. 33330.]

David E. Crawley, of Kosciusko, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the State.

**McGowen, J.,** delivered the opinion of the court.

Mrs. C. K. Waggoner and J. R. Waggoner were jointly indicted as public officers of Leake County for an attempt to defraud the county by the issuance of a certain pay certificate addressed to the clerk of the board of supervisors. J. R. Waggoner was separately tried and convicted and sentenced to serve a term in the penitentiary, and appeals here.

It is unnecessary for us to state the facts of the case as we have to consider only one assignment of error, to-wit: that there was a total failure of proof as to the certain allegations of the indictment with reference to the official capacity of the accused, J. R. Waggoner.

It is pertinent to state a part of the indictment as follows: "that Mrs. C. K. Waggoner and J. R. Waggoner in said County of the 24th day of August, A. D. 1935, being then and there public officers of Leake County, Mississippi, to-wit: County Superintendent of Education and Assistant County Superintendent of Education respectively, of Leake County, Mississippi, did then and there unlawfully, wilfully, and feloniously and out of gross omission of duty, attempt to defraud the County of Leake etc.," and the words, "out of gross omission of duty," follows in charging the attempt to defraud. The main instruction granted to the jury on behalf of the state followed closely the verbiage of the indictment.

The evidence wholly failed to show that J. R. Waggoner was a public officer, or that he was the assistant county superintendent of education, either by appointment of the principal, the county superintendent of education, or the board of supervisors. All the evidence tends to show that J. R. Waggoner, along with several other adult children of Mrs. Waggoner, at times helped in the office.

Section 6498 in Chapter 161 as to salaries classifies the counties in eight classifications, it providing that "number one Shall be composed of all counties in which the assessed valuation equals and exceeds $25,000,000.00;" and "number eight Shall be composed of all counties in which the assessed valuation is less than $3,000,000.00." The other classifications vary.

Section 6567 in the Chapter on Schools in Article 5 thereof relative to county superintendent of education provides:

"May employ clerical help.—In counties of the first class the superintendent of education shall be allowed an office assistant and the salary of said assistant shall be not more than $1,500.00 per year, payable monthly out of the common public school funds, on order of the board of supervisors. The board of supervisors in counties of the second and third classes is authorized in its discretion to employ a clerical assistant in the office of the county superintendent at a salary of not more than $1,200.00 a year, payable out of the common public school funds on the order of the board of supervisors.

"The board of supervisors in any county having two judicial districts and having an assessed valuation of more than eight million and less than ten million dollars, is authorized in its discretion to employ a clerical assistant in the office of the county superintendent of education, at a salary of not more than twelve hundred ($1,-200.00) dollars per year, payable monthly on the order of said board out of the general fund of the county."

The attorney general concedes that there was a fatal variance in this case because, as he says, this court judicially knows that Leake County did not fall within any of the three classifications mentioned in the foregoing section, and that the court also judicially knows that Leake County has only one judicial district. Therefore, the said section could have no application to Leake County if it be conceded that such an assistant is an officer.

We think the case is solvable upon the patent and safe ground that the section here in question does not attempt to create a public office within the meaning of our laws and constitution. We prefer not to resort to judicial knowledge unless, and until, it is absolutely necessary. This statute in counties of the first class allows the county superintendent of education to have an office assistant at an annual salary payable monthly. The further provision authorizes the board of supervisors to employ a clerical assistant in the office of the county superintendent of education at a salary.

This section does not attempt to create an office in any county in this state. It simply provides for an employee under certain conditions therein set forth. The mere office assistant or clerical assistant therein allowed is not vested with any prerogative of a public officer. None of the earmarks of a public officer are to be found therein. No specific duty is required to be performed, and no individual power is vested in the employee named as an office assistant or a clerical assistant in the office. With reference to a deputy land commissioner and a deputy auditor, this Court in the State ex rel. Brown v. Christmas, 126 Miss. 358, 88 So. 881, said:

"An office, broadly speaking, is a public charge or employment, and a public officer, also broadly speaking, is one who has some duty to perform concerning the public; but in the constitutional sense—

" 'The term "office" implies a delegation of a portion of the sovereign power, and the possession of it by

the person filling the office.' Shelby v. Alcorn, 36 Miss. 273, 72 Am. Dec. 169.

"This definition carries with it ex vi termini the further idea that the power delegated must be exercised by the person in his own, and not in another's, right. A deputy does not come within the definition, for a deputy is—

" 'One who is appointed, designated, or deputed, to act for another; one who by appointment exercises an office in another's right.' 18 C. J. 784.''

No duty is required of an office assistant or a clerical assistant within the meaning of the above decision. J. R. Waggoner was not a public officer and could not be under the provisions of Section 6567.

There is not under this section within the state the office of assistant county superintendent of education. Therefore, we conclude that the variance is fatal to the conviction herein. John v. State, 24 Miss. 569; Dick v. State, 30 Miss. 631; Tyler v. State, 69 Miss. 395, 11 So. 25; Taylor v. State, 74 Miss. 544, 21 So. 129; White v. State, 178 Miss. 650, 174 So. 562.

Reversed and remanded.