FOREMAN *v.* STATE.

(Division B. Oct. 30, 1939.)

[191 So. 657. No. 33648.]

**H. H. Bullock,** of Brandon, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**McGehee, J.,** delivered the opinion of the court.

The appellant, Archie Foreman, owed John Horne, who resided down on Hog Creek in Rankin county, three bushels of corn. On the occasion herein mentioned Foreman sent word to Horne to come down to his field fence and get the corn. When Horne arrived at the appointed place he says that Foreman arose from behind a cord of wood, lifted his shotgun and fired at him as he threw up his hands, "Just like a man would if the law comes out on him;" and that Foreman "shot some of my fingers off and the top of my hat out." The appellant, Foreman, however, testified that it was all an accident. The jury in our opinion reasonably concluded from the evidence that the victim's version of what occurred was correct, and convicted the appellant of assault and battery with intent to kill and murder.

Upon this appeal the appellant complains for the first time of a variance between the indictment and the proof. He was indicted for shooting "John Horne." Upon the trial Horne was asked to state his name and in response he said, "John Horne, Jr." However, we find that the next witness to take the stand was asked, "What kin are you to John Horne who just testified," and he answered, "a brother." And thereafter, throughout the trial, the witness Horne was referred to either by the name of

John or John Horne. This, together, with the mute evidence of the missing fingers, we think sufficiently identified the witness as the same John Horne named in the indictment as having been shot. The witness Horne at least seemed to have had first-hand information as to what had happened to John Horne down at the field fence at the hands of the "negro in the wood-pile."

It is next urged that the indictment was legally insufficient. No demurrer was interposed, and no other objection was made thereto until after verdict rendered. But be that as it may, we are unable to agree with the appellant's contention in that behalf.

Affirmed.