DILLON *v.* STATE.

(In Banc. June 12, 1944.)

[18 So. (2d) 454. No. 35484.]

**J. M. Alford**, of Tylertown, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

628

**Roberds, J.**, delivered the opinion of the court.

Dillon was convicted of murder of one Claudie Nichols and sentenced to death.

The lower court admitted in evidence a dying declaration of Nichols. Appellant says this was error; that the proof fails to show that the statement was made under a realization of impending death. As bearing upon that question the proof is that Dillon came to the home of Nichols about 2 o'clock at night; awakened and called Nichols to the door and immediately shot him with a small gauge shotgun, being at the time within a few feet of Nichols, the load of shot entering the left breast above and within about three inches of the heart, making a hole of about two inches; that Nichols walked and crawled a half mile to the home of a neighbor, who carried him to the Walthall Hospital at Tylertown, Mississippi, arriving there about 3 o'clock; that he had lost much blood, was extremely weak and suffering from shock. Nichols was placed upon an emergency operating table, and Dr. Crawford tried to dress his wound but did not undertake to operate. Dr. Crawford testified that Nichols was conscious and entirely rational but did not have a chance to live, although it is not shown that he told Nichols that. Thus situated and under these circumstances Nichols told the sheriff of the county more than once that he was going to die, and after so saying he made his declaration to the sheriff. He did die from this wound at 11 o'clock of the same morning. In the meantime the sheriff had been back to see him and he repeated to the sheriff that he was going to die, and never at any time after getting to the hospital did he indicate the slightest hope or expectation of living. It is clear that Nichols had no hope of recovery. He thought he was

going to die and his statement was made under a sense of impending death. The declaration was competent. Jones v. State, 133 Miss. 842, 98 So. 340; Walton v. State, 156 Miss. 499, 126 So. 29; Dean v. State, 173 Miss. 254, 160 So. 584, 162 So. 155.

The state was granted this instruction:

"The Court instructs the jury for the State that in case you may return either one of the following verdicts:

"1—'We, the jury, find the defendant guilty as charged'. (In which event it will be the duty of the Court to sentence the defendant to death in the electric chair) or,

"2—'We, the jury find the defendant guilty as charged and fix his punishment at life imprisonment in the state penitentiary'. (In which event it will be the duty of the Court to sentence the defendant to life imprisonment in the State penitentiary.)

"3—'We, the jury find the defendant guilty as charged but disagree as to his punishment.' (In which event it will be the duty of the Court to sentence the defendant to life imprisonment in the state penitentiary.) Or,

"4—'We, the jury find the defendant not guilty'. "

It will be noted this instruction did not authorize the jury to return a verdict of manslaughter. Nor did the defendant request a manslaughter instruction. Appellant urges that the failure of the state's instruction to tell the jurors they might return a manslaughter verdict is fatal error. A sufficient answer to that contention is that the proof in this case shows no element of manslaughter. All of the proof bearing upon the act of killing shows it was done in cold-blood, without the slightest provocation or threat on the part of Nichols, with no mitigating circumstances whatsoever. On the same occasion and as a part of the same drama, appellant killed the wife of Nichols. In addition to this, Dillon's defense was insanity—not that he killed Nichols in the heat of passion, or in a sudden affray, or under any other condition which might be manslaughter. The jury rejected the insanity

plea and the evidence abundantly sustains the verdict. The failure to inform the jury that it might convict appellant of manslaughter under these conditions was not error. Morris v. State (Miss.), 174 So. 562 (not reported in state reports); Grant v. State, 172 Miss. 309, 160 So. 600.

Appellant says that the conviction of murder cannot stand because the evidence fails to show that appellant entertained malice. The jury was properly instructed on that question, both by the state and the defendant. As to the evidence, the sheriff testified that appellant made to him a statement, detailed by the sheriff in these words, ''He said he lost his pocketbook and he went back down there to get it. That he had been there that Sunday evening and this was sometime in the night. He didn't know what time it was. He said it was a good while after the Doodle Bug, the New Orleans bus, run, and he went back and asked Nichols to bring him a splinter and match to hunt his pocketbook and when he came out the door Nichols had a gun and he shot him.'' Defendant did not take the stand, and, therefore, did not deny making this statement. Aside from whatever inference of malice may properly be drawn from the killing of a human being by shooting him with a shotgun, a deadly weapon per se as here used, this statement shows with certainty that Dillon had the deliberate intent to kill Nichols, and that he did so without justification, assuming, as the jury found the fact to be, that he possessed mental responsibility for his act. Carter v. State, 147 Miss. 171, 113 So. 177; Durr v. State, 175 Miss. 797, 168 So. 65.

There is no reversible error, if error at all, in this record, and the sentence of the lower court must be, and it is, affirmed, and Thursday, August 10, 1944, is set for the date of his execution.

Affirmed.