MCDANIELS *v.* STATE.

(In Banc.   February 9, 1948.)

[33 So. (2d) 785.   No. 36614.]

J. **Hoy Hathorn** and **W. A. Strong, Jr.,** both of Louis-ville, for appellant.

**Greek L. Rice**, Attorney General, by **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appellant, Virgil McDaniels, was indicted for the murder of James Gale, and was convicted of manslaughter and sentenced to serve a term of ten years in the State penitentiary. On this appeal he assigns several grounds as error but relies for a reversal primarily on the ground that in the main all of the witnesses at the trial referred to the deceased as ''Eugene Gale'' or ''Gene Gale'' or ''Old Man Gale,'' and the instructions for the State referred to the deceased only as ''Eugene Gale.'' We recognize the rule announced in the cases of Clark v. State, 100 Miss. 751, 57 So. 209, 38 L. R. A. (N. S.) 187, Ann. Cas. 1914 A, 463; Woulard v. State, 137 Miss. 808, 102 So. 781; Johnson v. State, 186 Miss. 405, 191 So. 127; and the other decisions cited in the briefs to the effect that

it is necessary for the proof to show that the person killed is the same person as the one charged in the indictment to have been killed. In other words; that an accused can not be convicted of having killed an entirely different person from the one he is charged in the indictment to have killed.

However, we are of the opinion that notwithstanding the fact that in the main the witnesses referred to the deceased by the names hereinbefore mentioned, instead of James Gale, the record discloses that the doctor who attended the deceased prior to his death, and testified about the wound, was asking the following questions:

"Q. Doctor, along in October, 1946, did you know a Negro by the name of Eugene or James Gale? A. I did.

"Q. Did you have occasion to see *him* in October? A. Yes, sir.

"Q. What was *he* suffering with at that time? A. *He* was suffering from a concussion of the brain." (Italics ours.)

It will, therefore, be readily seen that the doctor was not asked whether he knew one of two persons mentioned, but his answers disclosed that he was referring to one and the same person. For instance, he was further asked, "Q. Did you have an opportunity to see *that man* Gale or James Gale after that? A. Yes, sir, I saw *him* several times." (Italics ours.)

Another witness was asked,

"Q. What was Eugene or James Gale doing to Virgil McDaniels at the time he hit *him*? A. Wasn't doing anything.

"Q. Did *he* have any stick in *his* hand? A. No, sir.

"Q. Did Gale have any knives, guns or other weapons? A. No, sir, *he* didn't have anything as I knows of."

Then another witness was asked, "Q. Did you know Eugene or James Gale during *his* life time?" And his answer was to the effect that he had never known him before.

Moreover, all the proof discloses that these witnesses and the others were referring to the same man about whose wound the doctor had testified.

The indictment could have been amended if the attention of the trial court had been called to the variance in the name of the deceased as alleged therein and the name given him by most of the witnesses, if the prosecution had asked permission to do so. At any rate, we are unable to see how any harm whatever was shown to have been done the accused by this variance, since we are of the opinion that the testimony hereinbefore quoted is sufficient to disclose that the witnesses were not referring to one of two persons, without identifying which one, but that they had reference to one and the same person.

We have carefully considered the several other alleged errors assigned, including the sufficiency of the proof to sustain the verdict, and we find that no error was committed on the trial that would justify us in reversing the verdict and judgment of the trial court.

Affirmed.