HUGHES *v*. STATE.

In Banc. Nov. 14, 1949.

No. 37313 (42 So. (2d) 805)

**Brown & Elledge,** for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

**Hall, J.**

Upon an indictment charging an assault and battery with intent to kill and murder, the appellant was convicted and sentenced to three years in the state penitentiary, from which he appeals.

The record shows without dispute that appellant committed an unwarranted assault upon Floyd Griffie by cutting him in the back with a pocket knife and by further cutting him in the hip, the wounds being of such severity as to require fourteen stitches.

The first assignment of error is that the indictment fails to charge that the victim was a human being. This point was raised by a demurrer which was overruled. We have not been cited any Mississippi case deciding this question. It was raised in Rowland v. State, 182 Miss. 886, 183 So. 527, but the court held that the question was not properly preserved for review because no demurrer to the indictment had been filed. In that case, however, this court foreshadowed what it would probably hold, when it said: "Our Court has not passed on the question, but Courts in other jurisdictions have held that such an omission is not even a defect. Palmer v. People, 138 Ill. 356, 28 N. E. 130, 32 Am. St. Rep. 146; Bowers v. State, 122 Wis. 163, 99 N. W. 447; People v. McNulty, 93 Cal. 427, 26 P. 597, 29 P. 61." We have examined the cited authorities and in our judgment they are sound. The well-recognized rule is that the use of the victim's name in an indictment implies that he is a human being. Merrick v. State, 63 Ind. 327; Porter v. State, 173 Ind. 694, 91 N. E. 340; State v. Stanley, 33 Iowa 526; Reed v. State, 16 Ark. 499; Perryman v. State, 36 Tex. 321; Bohannon v. State, 14 Tex. App. 271; Ringo v. State, 54 Tex. Cr. R. 561, 114 S. W. 119; Sutherland

v. State, 121 Ga. 591, 49 S. E. 781; State v. Day, 4 Wash. 104, 29 P. 984; Cremar v. People, 30 Colo. 363, 70 P. 415; People v. Gilbert, 199 N. Y. 10, 92 N. E. 85, 20 Am. Cas. 769; People v. Vaughn, 14 Cal. App. 201, 111 P. 620. We, therefore, find no merit in this assignment.

It is next contended that appellant was entitled to a peremptory instruction because the indictment alleged that the offense was committed against Floyd Griffin while the proof showed that the victim's name is Floyd Griffie. The rule is that ██ ██ "an indictment must state the name of the victim of an offense where that is an element of the offense, and a failure to state it, or a material variance between statement and proof is fatal, but an immaterial variance is not." 27 Am. Jur., Indictments and Informations, Sec. 183, p. 728. ██ ██ In our opinion the variance in this case was so slight that it is immaterial and the appellant could not have been misled thereby. People v. Gormach, 302 Ill. 332, 134 N. E. 756, 29 A. L. R. 1120; Foreman v. State, 186 Miss. 529, 191 So. 657; McDaniels v. State, 203 Miss. 239, 33 So. (2d) 785; Bowers v. State, 145 Miss. 832, 111 So. 301. Furthermore appellant's motion for a directed verdict sets out several grounds as the basis therefor but ██ ██ nowhere is there any showing in the record that there was any objection to the testimony or motion to exclude upon the ground of variance between the indictment and proof. If such a question had been raised in the trial court the indictment could have been amended, and it is too late for appellant to raise the question for the first time on appeal. McDaniels v. State, supra.

██ ██ The sheriff testified without objection that upon arresting appellant shortly after the difficulty he smelled liquor on appellant's breath. The deputy sheriff testified to the same effect over the objection of appellant, and the admission of this testimony is assigned as error. There is nothing whatever in the record here to show any provocation or reason for appellant's act in attack-

ing Griffie. In Huddleston v. State, 134 Miss. 382, 98 So. 839, 841, this Court said, "The defendant's state of drunkenness or sobriety might be very persuasive in determining whether purposely he did the act or not, and also as showing his state of mind." We think the evidence was admissible at least for the purpose of showing appellant's state of mind at the time of the attack, since no motive therefor is in evidence. ██ At any rate, its admission, if error, was not so prejudicial as to require a reversal where guilt is so patent as in this case. Bridges v. State, 197 Miss. 527, 19 So. (2d) 738, and authorities therein cited.

The last assignment is directed against two instructions which were granted to the state. The first is that malice aforethought "may be presumed from the unlawful and deliberate use of a deadly weapon." It will be noted that this instruction is not that "malice is implied by law" as condemned in Bridges v. State, 197 Miss. 527, 19 So. (2d) 738, nor that proof of the deliberate use of a deadly weapon "is prima facie evidence of an intent to kill" as condemned in Busby v. State, 177 Miss. 68, 170 So. 140, 143. In the case of Durr v. State, 175 Miss. 797, 168 So. 65, 68, this court said: ██ "The presumption of malice which arises from the killing of a human being with a deadly weapon will prevail and characterize the act as murder, unless the facts in evidence change the character of the killing by showing either justification or necessity". To the same effect are the cases of Crockerham v. State, 202 Miss. 25, 30 So. (2d) 417, and Bennett v. State, 152 Miss. 728, 120 So. 837. Appellant relies upon the principle announced in many decisions of this court that ██ where the facts are all in evidence presumptions disappear and that it is improper to grant such an instruction in such cases. However, the facts are not all in evidence here, and the appellant did not produce any evidence whatever tending to show either justification or necessity for the assault; consequently the granting of the instruction in this case is not error.

 Furthermore the appellant obtained three instructions which charged the jury that the burden was upon the state to prove malice aforethought beyond every reasonable doubt and to the exclusion of every reasonable hypothesis and that the appellant at the time of the assault intended to kill and murder his victim and the jury was charged that unless they so believed from the evidence they could not convict appellant of the offense charged; in view of these instructions for the defendant we think that the first instruction for the state was appropriate and proper upon the record here presented. In this connection we call attention to the fact that appellant's instructions were much more favorable to him than the law of this state justifies. In Criss v. State, 202 Miss. 184, 30 So. (2d) 613, 614, which is one of the last pronouncements of this court on the subject, it was said: "Actual malice is not a necessary ingredient of murder. All our statute requires in cases of this kind is a 'deliberate design.' Code 1942, Section 2215."

The second instruction of which appellant complains is substantially the same as the one which this court approved in Word v. State, 180 Miss. 883, 178 So. 821, and we find no prejudicial error therein.

The judgment of the lower court is therefore affirmed.

Affirmed.

**Alexander, J.,** (specially concurring).

I concur in the result reached. I am unable, however, to assent to the view that the giving of the instruction for the State was proper. Its allowance on the ground that the instructions for the defendant required a finding of malice aforethought may disavow any purpose to approve the instruction in every case. For all we know the instructions of the defendant may have been incited by the allowance of the State's instruction. I am of the view that this assignment should be disposed of as in Bridges v. State, 197 Miss. 527, 19 So. (2d) 738. Deduc-

tions from the deliberate use of a deadly weapon are at most mere inferences. Busby v. State, 177 Miss. 68, 170 So. 140. To instruct a jury that they may infer one fact from another is argumentative and upon the weight of the evidence. I am of the opinion that the ultimate elimination of the use of the mythical and misleading term ''malice'' would be more readily attained by a continuing disapproval of such instructions, and that its use in the instant case could be likewise condemned without necessarily effecting a reversal. Bridges v. State, supra.