RIVERS *v.* STATE

No. 40583          October 7, 1957          97 So. 2d 236

*Woodrow Jones,* Waynesboro; *Wingo & Finch,* Hattiesburg, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

Appellant was convicted of murder in the Circuit Court of Wayne County and, the jury being unable to agree as to his punishment, he was sentenced to the penitentiary for life, from which he appeals.

No complaint is made as to the sufficiency of the evidence to warrant the conviction and we shall therefore not give any statement of the facts other than to say that the victim, Isaac Everett, was shot in the back with a pistol which resulted in his death. The appellant made an effort to show that the shooting was in self-defense but his testimony in that respect is so vague and indefinite that the jury was fully justified in rejecting it.

Appellant complains of only two alleged errors committed in the trial of the case. He requested and was refused the following instruction: "The Court instructs the jury for the defendant, that the law presumes the defendant innocent, and that the burden of proving beyond all reasonable doubt every material allegation necessary to establish defendant's guilt rests upon the State throughout the trial, and that the burden of proof never shifts to the defendant; and that the law does not require the defendant to prove by his evidence an excuse or justification; but if from all the evidence the jury entertains a reasonable doubt as to whether the killing was done in the heat of passion, or proceeded from the principle of self-defense, they will find the defendant not guilty." And he contends that the action of the court in refusing this instruction was reversible error and points out that this instruction is an exact copy of one which was refused in the case of Blalack v. State, 79 Miss. 517 which, in that case, was instruction no. 4. In the Blalack case the Court considered numerous

errors assigned and with respect to the instruction in question it used only two sentences, viz: ''The court also erred in not giving the fourth charge for appellant as asked. The burden of proof never shifts in a criminal case.''

It will be noted that the first part of this instruction states that the burden of proof never shifts to the defendant, which is a correct statement of the law, but in the Blalack case the Court overlooked the fact that the instruction went further and said that if from all the evidence the jury entertains a reasonable doubt as to whether the killing was done in the heat of passion, or proceeded from the principle of self-defense, they will find the defendant not guilty. We think the instruction was crudely drawn and was couched in such language as to tell the jury that the defendant was entitled to a verdict of not guilty even though the killing might have been done in the heat of passion which would make the defendant guilty of manslaughter. It will be noted that the opinion in the Blalack case did not consider this part of the instruction at all, and in that respect we think the decision in the Blalack case was not correct and that that part of the instruction which deals with a killing in the heat of passion is incorrect, and as to this feature that the instruction should be condemned and the opinion in that regard in the Blalack case should be overruled. We have searched the authorities and have checked Shepard's Mississippi Citations, and although the opinion was written in 1901 and has been in the books since that date, we have found no other case where such an instruction has been approved by this Court.

Moreover, the appellant requested and was granted twelve instructions. In instruction no. 3 which the appellant obtained, the jury was told that every reasonable doubt in reference to any matter connected with the case should be resolved by the jury in favor of the defendant and against the State. By instruction no. 5,

the jury was told that the defendant, at the outset of the trial, is presumed to be an innocent man; that he is not required to prove himself innocent or to put in any evidence at all upon the subject and that in considering the case the jury must look at the testimony and view it in the light of that presumption which the law clothes the defendant with, that he is innocent; and that this is a presumption that abides with him throughout the trial of the case until the evidence convinces the jury to the contrary beyond all reasonable doubt of his guilt. By instruction no. 6 granted to the defendant, the jury was told that if they can deduce from the facts and circumstances surrounding the case, either from the evidence or lack of evidence, any reasonable hypothesis consistent with the innocence of the defendant, then there is a reasonable doubt of his guilt and the jury should return a verdict of not guilty. By instruction no. 8 granted to the defendant, the jury was charged that under the law the burden of proof is upon the State to establish the guilt of the defendant from the evidence beyond a reasonable doubt. By instruction no. 9 granted to the defendant, the jury was told that in order to warrant a conviction in this case the evidence on the part of the State, on the whole, must be such as to produce a moral certainty of guilt to the exclusion of every reasonable doubt of the guilt of the defendant, and unless the evidence has this effect, the jury must acquit. By instructions nos. 7 and 11 granted to the defendant, the jury was told that it is the duty of each and every member of the jury to decide the issues presented for himself and if, after a consideration of all of the evidence in the case and the instructions of the court on the law and free consultation with his fellow-jurors, there is a single juror who has a reasonable doubt of defendant's guilt, it is his duty under his oath and under the law to stand by his conviction and favorable to a finding of not guilty, and that no juror should ever surrender

such convictions from or consideration of anything for any reason whatsoever, or for any purpose whatsoever, as long as it remains his conviction from the evidence or the want of evidence in the case, and after a consultation with his fellow-jurors, and that he should never yield his convictions simply because every other single member of the jury may disagree with him. In view of these several instructions which the appellant obtained, we are of the opinion that the error, if any, in refusing the quoted instruction was harmless.

██ █ Appellant also contends that the court erred in granting instruction no. 5 for the State, which instruction is as follows: ''The Court instructs the jury for the State that if you believe from all the evidence in this case beyond a reasonable doubt that the defendant deliberately shot and killed the deceased with a deadly weapon, to-wit: a pistol, malice may be inferred.'' Appellant says that a presumption of malice must yield to the evidence and that such an instruction should not be given where all of the facts are in evidence. In this case we do not think that all of the facts are in evidence. It will be noted moreover that the instruction tells the jury that there must have been a deliberate use of a deadly weapon before malice may be inferred.

In the case of Hughes v. State, 207 Miss. 594, (604, 605), 42 So. 2d 805, we said: ''The last assignment is directed against two instructions which were granted to the state. The first is that malice aforethought 'may be presumed from the unlawful and deliberate use of a deadly weapon.' It will be noted that this instruction is not that 'malice is implied by law' as condemned in Bridges v. State, 197 Miss. 527, 19 So. (2d) 738, nor that proof of the deliberate use of a deadly weapon 'is prima facie evidence of an intent to kill' as condemned in Busby v. State, 177 Miss. 68, 170 So. 140, 143. In the case of Durr v. State, 175 Miss. 797, 168 So. 65, 68, this court said: 'The presumption of malice which arises

from the killing of a human being with a deadly weapon will prevail and characterize the act as murder, unless the facts in evidence change the character of the killing by showing either justification or necessity.' To the same effect are the cases of Crockerham v. State, 202 Miss. 25, 30 So. (2d) 417, and Bennett v. State, 152 Miss. 728, 120 So. 837. * * * In Criss v. State, 202 Miss. 184, 30 So. (2d) 613, 614, which is one of the last pronouncements of this court on the subject, it was said: 'Actual malice is not a necessary ingredient of murder. All our statute requires in cases of this kind is a "deliberate design." Code 1942, Section 2215'."

See also the case of Willette v. State, 80 So. 2d 836 (839).

We conclude that there is no substantial merit in either of the two complaints which appellant makes and therefore that the judgment of the lower court should be affirmed.

Affirmed.

All Justices concur.