WEBSTER v. STATE.*

(Division A.   March 21, 1927.)

[111 So. 749.   No. 26028.]

ROBBERY.   *Allegation that defendant did feloniously take, steal, and carry away property, by putting owner in fear, held to sufficiently allege intent (Hemingway's Code, section 1097).*

Allegation in indictment, under Code 1906, section 1361 (Hemingway's Code, section 1097), for feloniously taking personal property of another in his presence, by putting him in fear of injuries, that defendant did feloniously take, steal, and carry away property, *held* to sufficiently allege intent to steal as necessarily including the idea that property was taken with intention of stealing.

*Corpus Juris-Cyc References: Indictment and Information, 31CJ, p. 696, n. 67; p. 697, n. 85; Robbery, 34Cyc, p. 1803, n. 40, 44.   On sufficiency of allegations in indictment for robbery, see 23 R. C. L. 1152.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Paul Webster was convicted of feloniously taking personal property of another after putting him in fear of injury, and he appeals.   Affirmed.

*G. C. Moreland, Ely B. Mitchell* and *W. C. Adams,* for appellant.

The appellant contends that this indictment is fatally defective in that it fails to allege an intent to steal.

It is appellant's contention that the assault charged to have been made upon the McEwens by putting them in fear, should have been made with the intent then and there to take, steal and carry away the money charged to have been taken. It should have charged that the defendant took the money with the intent then and there to steal. The intent to steal is an essential element in the crime of robbery and this intent must be alleged and proved.

"Where an intent is an ingredient of the offense necessary to be alleged, there is no sufficient averment of an intent where it merely alleged that the defendant did the specific act charged in an attempt to commit that crime. 14 R. C. L., section 25, page 178. See, also, 23 R. C. L., section 15, page 1149; *State* v. *O'Connor,* 105 Mo. 121; 2 Brill's Cyc. Crim. Law, section 944, page 1498; *Wood* v. *State,* 6 So. 207; *Jones* v. *State,* 95 Miss. 121; *Killingsworth* v. *State,* 105 So. 834.

Our contention in this case is that the intent is a necessary and essential element of the crime. The existance of such an intent cannot be implied; neither can it be inferred as a matter of law from the doing of the act itself. 1 Brill's Cy. Crim. Law, section 94, page' 184; *Davis* v. *Johnson,* 115 Ark. 566; *People* v. *Johnson,* 106 Calif. 289; *People* v. *Landman,* 103 Calif. 577.; *State* v. *Gillum,* 69 Me. 163, 31 A. S. R. 257; *State* v. *Patterson,* 116 Mo. 505; *People* v. *Plath,* 100 N. Y. 590; *Bryant* v. *State,* 7 Wyo. 311; *State* v. *Glover,* 10 Nev. 24; *State* v. *Hersum,* 90 Me. 273; *Hubbard* v. *U. S.,* 172 Fed. 66, 19 Ann. Cas. 1043.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

A demurrer was filed to the indictment and appellant here insists that the demurrer should have been sustained because: "The indictment fails to charge that the assault was made by Paul Webster upon W. H. McEwen

and Roscoe McEwen, was made with intent to take, steal, and carry away the money set forth in the indictment.''

This prosecution is based on a violation of section 1097, Hemingway's Code. In *McDaniel* v. *State,* 8 S. & M. 401, this court held that the statutory definition of robbery was the same as the common-law definition. Bishop's Directions and Forms (2 Ed.), page 533, section 933, sets out a form for an indictment charging common-law robbery. This form is almost in the identical language as the indictment in the case at bar. Kerr on Criminal Forms Adjudicated, page 1506, sets out a form for an indictment charging common-law robbery, and this form is also almost identical with the indictment in this case. See, also, *People* v. *Nelson,* 56 Cal. 78; *State* v. *Devine,* 26 So. 105; *State* v. *Lamb,* 141 Mo. 301, 42 S. W. 827; *State* v. *Peterson,* 31 S. C. 279, 14 S. E. 617; *Acker* v. *Commonwealth,* 94 Pa. St. 284.

In *State* v. *Prestly,* 91 Miss. 377, an indictment was demurred to on the ground that it did not charge an intent to rob and steal. The court held that the indictment was good.

SMITH, C. J., delivered the opinion of the court

The appellant was tried and convicted on an indictment alleging that he—''in and upon one W. H. McEwen and one Roscoe McEwen did unlawfully and feloniously make an assault and then, the said W. H. McEwen and Roscoe McEwen, did then and there feloniously put in fear of some immediate and great injury to their persons, and in their presence and against their will did feloniously take, steal, and carry away the sum of two hundred dollars good and lawful money of the United States the personal property of the said W. H. McEwen and Roscoe McEwen, contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Mississippi.''

A demurrer to this indictment was overruled. The ground of the demurrer is that:

"The indictment fails to charge that the assault made by Paul Webster upon W. H. and Roscoe McEwen was made with intent to take, steal, and carry away the money set forth in the indictment."

The indictment is not for making an assault with intent to steal, but is, under section 1361, Code of 1906 (section 1097, Hemingway's Code), for feloniously taking the personal property of another in his presence, by putting him in fear of some immediate injury to his person.

The intent to steal which must be alleged and proven (*Woods* v. *State* [Miss.], 6 So. 207.; *Jones* v. *State,* 95 Miss. 121, 48 So. 407, 21 Ann. Cas. 1137), is with reference to the property taken, the intent to steal which is here sufficiently alleged, for an allegation that a person "did feloniously take, steal, and carry away property," of course, includes the idea that he took the property with the intention of stealing it.

The form of the indictment here used is that approved by Mr. Bishop in his Directions and Forms (2d Ed.), section 933.

*Affirmed.*