STATE v. SNOWDEN et al.

(Division B. Jan. 30, 1933.)

[145 So. 622. No. 30155.]

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**M. V. B. Miller** and **J. V. Gipson,** both of Meridan, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellees, Laval Snowden, Rex Ritcher, and Burkett May, were indicted by the grand jury of Lauderdale county of the crime of robbing one R. W. Johnson of the sum of about six dollars. Appellees demurred to the indictment, and the demurrer was sustained. From that judgment the state prosecutes this appeal.

The indictment, leaving off the formal parts, is in this language:

"That Laval Snowden, Rex Richter, and Burkett May in said county, on the ——— day of ——— A. D., 1932, in and upon R. W. Johnson unlawfully and feloniously did make an assault with a deadly weapon, to-wit a pistol, and him the said R. W. Johnson, did then and there unlawfully and feloniously put in fear of bodily harm and of immediate injury to his person, and about six dollars lawful and legal money and tender of the United States of America of the value unknown to the grand jurors of the property of the said R. W. Johnson, in the presence of and against the will of the said R. W. Johnson, and then and there feloniously, unlawfully, and violently did steal, take and carry away contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi."

Appellees' attack on the indictment is based on the following grounds: (1) The indictment does not follow the statutory form; (2) it fails to charge appellees with the larceny of any amount of money; and (3) it fails to charge an intent to steal. The robbery statute is in this language: "1126.—(Code of 1930) Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery."

The formal and technical words of the statute are dispensable in an indictment. If the offense charged is certainly and substantially described in language equivalent in meaning to the language of the statute, it is sufficient. Kline v. State, 44 Miss. 317, 2 Morris St. Cases 1695; Roberts v. State, 55 Miss. 421; Harrington v. State, 54 Miss. 490; State v. Presley, 91 Miss. 377, 44 So. 827; Richburger v. State, 90 Miss. 806, 44 So. 772; State v. Traylor, 100 Miss. 544, 56 So. 521; State v. May, 147 Miss. 79,

112 So. 866; Wexler v. State (Miss.), 142 So. 501. We think the indictment in this case meets that requirement.

The indictment charges the larceny of "about six dollars lawful and legal money and tender of the United States of America of the value unknown to the grand jurors, etc." This allegation as to the amount is sufficient.

The charge in the indictment that the money was feloniously taken was sufficient to charge an intent to steal. Allegation that defendant did feloniously take, steal, and carry away property by putting the owner in fear is sufficient to allege intent to steal. Webster v. State, 146 Miss. 682, 111 So. 749.

Reversed and remanded.