660 So.2d 1225 (1995)
John HOLMES
v.
STATE of Mississippi.
No. 92-KA-00158-SCT.
Supreme Court of Mississippi.
May 11, 1995.
Rehearing Denied October 12, 1995.
Lisa D. Jordan, Natchez, for appellant.
Michael C. Moore, Atty. Gen., Jeffrey A. Klingfuss, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PRATHER, P.J., and SULLIVAN and JAMES L. ROBERTS, Jr., JJ.
PRATHER, Presiding Justice, for the Court:

I. INTRODUCTION
This case, an appeal from a February 14, 1992 conviction of grand larceny, concerns three issues of criminal procedure and evidence. The trial court sentenced John Holmes (Holmes) to a term of five years in the custody of the Mississippi Department of Corrections, with two years suspended upon good behavior. Holmes moved for a new trial on February 19, 1992. The trial judge denied this motion on February 27, 1992. Aggrieved, Holmes filed his appeal raising the following issues:
1) DID THE TRIAL COURT ERR IN ALLOWING THE STATE TO AMEND ITS INDICTMENT DURING TRIAL TO CONFORM TO THE PROOF SUBMITTED BY THE STATE DURING THAT TRIAL?
2) WAS THE JURY'S VERDICT CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE AND *1226 WAS THE VERDICT MANIFESTLY WRONG AS A MATTER OF LAW?
3) DID THE TRIAL COURT ERR IN NOT GRANTING HOLMES' MOTION FOR A DIRECTED VERDICT?

II. STATEMENT OF THE FACTS
On April 13, 1991, Willie Ray Sims (Sims) was at the Soul Brothers Club in Natchez, Mississippi. Sims estimated that he arrived at the club at approximately 2:00 a.m. While gambling there, Holmes allegedly snatched money out of Sims' hand. Sims estimated that he had between three hundred and five hundred dollars in his hand. Sims tried to follow Holmes, but decided to give up pursuit once outside the club. Sims reported the incident to the police within ten to fifteen minutes of its occurrence. Sims reported to the police that he had not gotten any money back from Holmes, although he stated that Holmes allegedly offered to give him his money back if he would drop the charges.
The grand jury indicted Holmes for simple robbery. At trial the State moved to proceed on grand larceny rather than on the charge of simple robbery. Over objection, the trial court allowed the State to proceed to trial with grand larceny. The State asserted that since the degree of force found from the evidence was "somewhat slight," the State made the decision to proceed under grand larceny rather than simple robbery. The trial court noted that this decision did not prejudice Holmes as grand larceny carried a lesser penalty.
At trial, Sims identified Holmes as the person who snatched money out of his hand. Sims admitted that he had drunk a couple of beers before the incident. Henry Lee McKnight stated that he saw Holmes at the club that night and he observed a commotion, but he did not see Holmes take anyone's money. Roosevelt Owens, Jr., a Natchez police officer, testified that he arrested Holmes based upon Sims' allegations. Officer Owens admitted that he had no personal knowledge of what occurred. The State concluded its case and Holmes unsuccessfully moved for a directed verdict.
In his defense, Holmes denied he had taken money from Sims and denied that he had offered to pay back any money. Holmes admitted that he had been convicted of grand larceny in 1987, but denied that he was actually guilty. Holmes admitted being in the Soul Brothers Club on the night of the alleged incident but claimed nothing had happened between him and Sims. On the evidence presented, the jury found Holmes guilty of grand larceny.

III. ANALYSIS

1) DID THE TRIAL COURT ERR IN ALLOWING THE STATE TO AMEND ITS INDICTMENT DURING TRIAL TO CONFORM TO THE PROOF SUBMITTED BY THE STATE DURING THAT TRIAL?
As stated above, Holmes was indicted for robbery, but the trial court granted the State's request to amend the indictment to a charge of grand larceny. Mississippi statutory law allows amendments to indictments at trial. Miss. Code Ann. § 99-17-13 (1994). However, such amendments may not be "material to the merits of the case" and the defendant must not be prejudiced in "his defense on the merits." Id. The State may not seek amendments altering the material set of facts in the indictment or "materially alter(ing) a defense to the indictment ... to prejudice the defendant's case." Griffin v. State, 584 So.2d 1274, 1276 (Miss. 1991) (Griffin II). The test for determining whether an amendment will prejudice the defendant's case is "whether a defense as it originally stood would be equally available after the amendment is made." Griffin v. State, 540 So.2d 17, 21 (Miss. 1989) (Griffin I).
Holmes argues that amending the indictment to a different charge is prejudicial and reversible error. Griffin v. State, 584 So.2d 1274, 1275 (Miss. 1991); Shive v. State, 507 So.2d 898, 900 (Miss. 1987) (holding indictment may not be amended to change charge, except by action of the grand jury, because amendments can only go to form and not substance). Holmes' defense, that the taking of property was not done by violence or threat of injury, is useless to a grand larceny charge as grand larceny does not require violence or threat of injury.
*1227 The State counters that Miss. Code Ann. § 99-19-5 (1994) allows a jury to convict of a lesser included offense than that charged in the indictment. See Hailey v. State, 537 So.2d 411, 416 (Miss. 1988). This Court has allowed the submission of pure lesser included offenses on the State's motion. Jefferson v. State, 556 So.2d 1016, 1020 (Miss. 1989). See also McGowan v. State, 541 So.2d 1027, 1029 (Miss. 1989); Whitehurst v. State, 540 So.2d 1319, 1327 (Miss. 1989); Gangl v. State, 539 So.2d 132, 135-36 (Miss. 1989); Griffin v. State, 533 So.2d 444, 447-48 (Miss. 1988). The statute does not discuss amendments to the indictment, but permits the submission of lesser included offense instructions. Sanders v. State, 479 So.2d 1097, 1105 (Miss. 1985). Larceny is a lesser included offense of robbery, in that larceny contains all of robbery's elements save force or threat of force. Jones v. State, 567 So.2d 1189, 1192 (Miss. 1990).
Moreover, several other states allow prosecution-sponsored amendments to lesser included offenses because the defendant is presumed to be on notice of lesser included offenses to the original charge. Williams v. United States, 641 A.2d 479, 482-83 (D.C. 1994) (holding Fifth Amendment not violated under above rationale). See also Green v. State, 619 So.2d 952, 953 (Ala. Crim. App. 1993); State v. Woodson, 315 Or. 314, 845 P.2d 203, 204-06 (1993); State v. Myers, 438 S.E.2d 236, 237 (S.C. 1993); State v. Schaffer, 120 Wash.2d 616, 845 P.2d 281, 283 (1993). One court has held no prejudice results from such an amendment because the defendant actually benefits from the reduction in the potential penalty. State v. Jones, 110 N.C. App. 289, 429 S.E.2d 410, 413 (1993).
This Court finds that the effect of the amendment at issue is the same as would result from submission of a lesser included offense instruction. Holmes suffered no prejudice; therefore, the amendment is one of form rather than of substance. The trial court did not err in allowing the amendment.

2) WAS THE JURY'S VERDICT CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE AND WAS THE VERDICT MANIFESTLY WRONG AS A MATTER OF LAW?
Holmes asserts the State showed no evidence of violence or threat of injury, therefore the jury's verdict was wrong and against the overwhelming weight of the evidence. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court accepts as true all evidence which supports the verdict and will reverse only when convinced that reasonable and fair-minded jurors could only find the defendant not guilty. Green v. State, 614 So.2d 926, 932 (Miss. 1992).
In this case a single witness, Sims, stated that Holmes snatched over one hundred dollars out of his hand and ran away. Sims said Holmes later offered to repay the money if Sims would drop the charges. The jury clearly believed Sims. Testimony from a single credible witness is sufficient to sustain a conviction. Williams v. State, 512 So.2d 666, 670 (Miss. 1987). Sims' testimony provided evidence sufficient to prove all elements of grand larceny. See Miss. Code Ann. § 97-17-41 (1994). There is no merit to this issue.

3) DID THE TRIAL COURT ERR IN NOT GRANTING HOLMES' MOTION FOR A DIRECTED VERDICT?
Holmes argues that since the trial court erred in allowing the amendment to the indictment, it erred again in failing to direct a verdict on the original indicted charge of robbery.
The trial court was correct in refusing to direct a verdict. There was sufficient evidence to convict on the amended charge of grand larceny. Viewing the evidence and all reasonable inferences drawn therefrom most favorably to the State, and disregarding all evidence in Holmes' favor, sufficient evidence exists to support a verdict of guilty. Noe v. State, 616 So.2d 298, 302 (Miss. 1993). There is no merit to this issue.

IV. CONCLUSION
This Court holds that the State may amend indictments at trial to change the offense, if the amended offense is a pure lesser included offense. As the other issues are without merit, the judgment of the trial court is affirmed.
*1228 CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
HAWKINS, C.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.