# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00717-SCT

*JOHNNY RAY SIMS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/28/95 |
| TRIAL JUDGE: | HON. MICHAEL RAY EUBANKS |
| COURT FROM WHICH APPEALED: | JEFFERSON DAVIS CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY | KATHY D. SONES |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 6/12/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/3/97 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

Johnny Ray Sims appeals the June 30, 1995, order of the Jefferson Davis County Circuit Court dismissing his motion for post-conviction relief, filed as a motion to vacate and set aside his conviction in Cause No. 3987-2. Finding no merit to Sims's claims that counsel's assistance was ineffective, that the circuit court erroneously amended the indictment to reduce the charge against him from armed robbery to simple robbery, that the State reneged on its plea agreement and that his guilty plea was entered involuntarily, we affirm the decision of the circuit court.

Sims was indicted by the grand jury of the Jefferson Davis County Circuit Court on May 21, 1993, for armed robbery in violation of Miss. Code Ann. § 97-3-79. On May 15, 1994, Sims filed his petition to enter a plea of guilty to the reduced charge of robbery pursuant to Miss. Code Ann. § 97-3-73. The petition indicated that he understood the minimum and maximum penalties for the offense.

Sims acknowledged in writing that no promises were made to induce him to enter a guilty plea except that the "D.A. has agreed to reduce charge to robbery from armed robbery & to nolle prosse pending charges in Marion Co., Ms." He further acknowledged that "Defendant wishes to enter guilty plea because it is in his best interests so to do."

A hearing on the guilty plea was held on May 9, 1994. The circuit court questioned Sims extensively about his understanding of his rights as well as those rights he would give up by entering a plea of guilty. The court ascertained that Sims understood the minimum and maximum sentences he could receive and that he had not been promised a certain sentence. The circuit court accepted the State's recommendation that the charge against Sims be reduced from armed robbery to robbery and ordered a presentence investigation. On May 18, 1994, the circuit court sentenced Sims to fifteen years in the custody of the MDOC.

Sims filed his motion for post-conviction relief on June 7, 1995, requesting that his conviction be set aside because he had understood, when he entered his guilty plea, that he would receive a sentence of much less than fifteen years and that he was incarcerated for a crime for which he was not indicted, but not convicted of the crime for which he was indicted. He further asserted that his attorney's performance "fell far below an objective standard of reasonableness" in the plea negotiations since the circuit court was advised to allow him to plead guilty to the lesser charge of simple robbery. Finally, he alleged that "his plea of guilty was simply the product of collusion and deceit [sic], perpetrated by his own counsel, in order to placate the alleged victim, who is a close friend to Jefferson Davis County officials." Sims's motion was accompanied by affidavits from his mother and sister that he had been promised a five year sentence if he entered a plea of guilty.

The circuit court entered an order dismissing Sims's motion on June 30, 1995. In its extensive findings, the circuit court addressed each assignment of error, citing excerpts from Sims's petition to enter a guilty plea and the plea hearing which refuted the issues raised. Sims's motion to require the State to respond to his petition for relief also was denied by the circuit court.

II.

Sims first asserts that his attorney failed to provide him with effective assistance of counsel. He contends that his attorney's performance "missed the mark" when he failed to challenge the sufficiency of the indictment returned by the grand jury and when "he allowed the trial court to amend the charge from Armed Robbery to Robbery." In his brief on appeal, Sims now suggests that his attorney advised him to lie to the court and plead guilty so that he would get only a five year sentence, and that if he did not do so, he would receive a mandatory 140 year sentence.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove that his attorney's performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-689 (1984); *Wilcher v. State*, 479 So. 2d 710, 713 (Miss. 1985); *Stringer v. State*, 454 So. 2d 468, 477 (Miss. 1984). This Court looks at the totality of the circumstances to determine whether counsel's efforts were both deficient and prejudicial. *Carney v. State*, 525 So. 2d 776, 780 (Miss. 1988); *Read v. State*, 430 So. 2d 832, 839 (Miss. 1983). "Judicial scrutiny of counsel's performance [is] highly deferential." *Strickland*, 466 U.S. at 689. There is a strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Carney*, 525 So. 2d at 780; *Gilliard v. State*, 462 So. 2d

710, 714 (Miss. 1985). Only where it is reasonably probable that but for the attorney's errors, the outcome of the trial would have been different, will this Court find that counsel's performance was deficient. *Dickey,* 662 So. 2d 1106, 1109 (Miss. 1995); *Reed v. State,* 536 So. 2d 1336, 1339 (Miss. 1988).

Sims's allegations in his motion for post-conviction relief and his appeal brief are contrary to his sworn statements in his petition to enter a plea of guilty as well as those made at the plea hearing, wherein he indicated his satisfaction with his attorney's representation. Further, Sims's attorney was successful in reducing the State's charges against him. It can hardly be said, therefore, that his attorney's conduct failed to reach the level of reasonable professional assistance.

## III.

Sims next contends that it was plain error for the circuit court to amend the indictment by reducing the charges against him from armed robbery to simple robbery. As the circuit court pointed out, "petitioner now urges this Court to set aside his plea of guilty to robbery so that he may have the opportunity to receive a life sentence for the crime of armed robbery." Contrary to the assertions he now raises, Sims acknowledged when entering his guilty plea that he was doing so because it was in his best interest since the charges against him were being reduced from armed robbery to robbery.

In *Holmes v. State,* 660 So. 2d 1225 (Miss. 1995), the accused complained that the circuit court had erred in granting the State's request to amend his indictment from robbery to the lesser charge of grand larceny. We found that such an amendment may be made where it does not materially alter the facts of the case or defenses to the indictment so as to prejudice the defendant. *Holmes*, 660 So. 2d at 1226. The test for determining prejudice is "whether a defense as it originally stood would be equally available after the amendment is made." *Id.* Holmes argued that his defense that the taking of the property was not done by violence or threat of injury would be useless to a charge of grand larceny. *Id.* This Court, however, found that the effect of the amendment was the same as if a lesser included offense instruction had been submitted and that Holmes had suffered no prejudice. *Id.* at 1227. The amendment, therefore, was one of form rather than substance and within the authority of the circuit court to allow. *Id.* By the same token, entering a plea of guilty to simple robbery rather than the original charge of armed robbery is tantamount to granting a lesser included offense instruction had the case gone to a jury. Further, since Sims actually benefitted from the reduction in penalty to which he was subject, he cannot claim any prejudice.

## IV.

Sims next complains that the State reneged on its plea agreement, asserting that he understood that he would receive a sentence of much less than the fifteen years he was ordered to serve. Affidavits by his mother and sister indicating that his attorney had told him that he would receive only a five year sentence are contrary to Sims's representations made when petitioning to enter his guilty plea and at his hearing.

In his petition to enter a plea of guilty, as well as at the guilty plea hearing, Sims indicated that he had not been promised a lighter sentence or any other form of leniency except that the charges against him would be reduced from armed robbery to simple robbery. He further indicated that he understood that the sentence for the crime of simple robbery was zero to fifteen years. The circuit

court advised him that based on the presentence report, the length of the sentence, within the statutory limits, was his decision, and his alone. Sims stated under oath that he had not been promised anything, including a certain sentence or that it would be served in any certain way.

Sentencing is within the discretion of the circuit court, subject to statutory limits. ***Hoops v. State,*** 681 So. 2d 521, 537-538 (Miss. 1996); ***Johnson v. State,*** 666 So. 2d 784, 797 (Miss. 1995). Even if a lighter sentence has been considered during plea negotiations, we will not find the circuit court to have abused its discretion if a heavier sentence is imposed where the record reflects that the judge "remained aloof" from the bargaining process or was unaware of the bargaining, and where the sentence was based on a presentence report and prior convictions. ***Johnson,*** 666 So. 2d at 797. The record in this case indicates that the circuit court was aware only of agreements to reduce the charges and that he ordered and considered a presentence report before determining Sims's fifteen year sentence. Therefore, even if Sims's assertions were not totally contrary to the representations he made prior to sentencing, we still could find no basis for his claim that the State reneged on its plea agreement since sentencing is within the discretion of the trial court.

V.

Sims finally asserts that his guilty plea was entered involuntarily because he was not advised of the maximum and minimum terms to which he could be sentenced. The circuit court is required to advise a defendant of the minimum and maximum penalties for the charge to which he is pleading guilty and to determine his understanding thereof. ***Bevill v. State,*** 669 So. 2d 14, 18-19 (Miss. 1996); ***Vittitoe v. State,*** 556 So. 2d 1062, 1064-1065 (Miss. 1990). Sims acknowledged at the sentencing hearing that his lawyer had advised him of the minimum and maximum penalties. The record further indicates that the circuit court advised Sims of the minimum and maximum penalties and ascertained that he understood those penalties as well as the fact that it was the judge who ultimately determined the sentence he would serve. His attorney certified that he had explained the minimum and maximum sentences to him. Moreover, in his sworn petition to enter a plea of guilty, Sims acknowledged that he understood the minimum and maximum sentences for the crime of robbery to be zero to fifteen years, with a fine of $0 to $10,000. We therefore find no merit to this assignment of error.

VI.

Finding no merit to the arguments raised by Sims, we affirm the circuit court's dismissal of his motion for post-conviction relief.

LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**