IN THE COURT OF APPEALS

8/12/97

OF THE

STATE OF MISSISSIPPI

NO. 96-KA-00169 COA

CURTIS CLARK A/K/A CURTIS

EDWARD CLARK APPELLANT

v.

STATE OF MISSISSIPPI APPELLEE

PER CURIAM AFFIRMANCE MEMORANDUM OPINION

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. ELZY SMITH

COURT FROM WHICH APPEALED: COAHOMA COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: ALLAN D. SHACKELFORD

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: DEWITT ALLRED III

DISTRICT ATTORNEY: CARLA CLARK

NATURE OF THE CASE: CRIMINAL FELONY

TRIAL COURT DISPOSITION: CT I ARMED ROBBERY; CT II RAPE; CT III GRAND LARCENY; CT I 30 YRS TO RUN CONSECUTIVELY TO ANY PREVIOUSLY IMPOSED; NOT ELIGIBLE FOR PAROLE; CT II 30 YRS TO RUN CONSECUTIVELY TO CT I; CT III 5 YRS TO RUN CONSECUTIVELY TO CT II

MANDATE ISSUED: 9/2/97

BEFORE McMILLIN, P.J., COLEMAN, AND PAYNE, JJ.

PER CURIAM:

Curtis Clark was found guilty by a jury in Coahoma County Circuit Court of the crimes of armed robbery, rape, and grand larceny. He was sentenced to consecutive terms of thirty years imprisonment, thirty years imprisonment, and five years imprisonment for the respective crimes. He appeals to this Court arguing that the verdict of the jury is against the overwhelming weight of the evidence. We find his appeal to be without merit and therefore affirm.

On October 7, 1995, A.L. was living with N.W. on Highway 6 in rural Coahoma County. A.L. was disabled and had lost the sight in one of his eyes at birth but could see well enough with his other eye to drive a tractor and haul oil to the mill.

In the early morning hours of that day, N.W. had undressed, put on her nightgown and gone to bed. A.L. was still up. They heard a sound out on the road, which N.W. described as a "bam." A.L. was about to go out into the yard when Curtis Clark came to the door and first said that he needed a tractor to pull his truck from the ditch. Clark then drew a knife, put it to A.L.'s throat and demanded money. Clark took A.L.'s watch, pocket-knife, and billfold containing money. Clark then forced A.L. into the bedroom where Clark demanded money from N.W..

In the bedroom Clark tore off N.W.'s nightgown, threw her on the floor, and raped her at knife point. Clark then threatened to kill N.W. and A.L. if they followed him or pressed charges, and they waited until daylight before going to a neighbor's house where there was a telephone to call the police.

Both A.L. and N.W. positively identified Clark as the assailant. A.L. had known Clark for many years. N.W. had seen Clark prior to that morning and knew him by sight but not by name. At about 6:00 a.m. on October 7, Darrell Ashcraft discovered that his 1978 Chevrolet pickup was missing from where he had parked it at his place of employment. Shortly after he reported it missing, a report was

called in that his truck had been found. Ashcraft identified the truck in the ditch in front of N.W.'s and A.L.'s home as the truck which had been stolen.

At trial, Clark offered the alibi that he was at his mother's house on the night in question. Both his brother and mother testified that he had been there that morning. There was, however, rebuttal testimony from Detective Burford that he interviewed Clark's mother on the morning of October 7, and she told him that she had not seen her son at all the previous night.

When reviewing a challenge to the weight of the evidence, the Court determines whether the trial court abused its discretion in denying the motion for a new trial. *Taylor v. State*, 672 So. 2d 1246, 1256 (Miss. 1996). "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court accepts as true all evidence which supports the verdict and will reverse only when convinced that reasonable and fair-minded jurors could only find the defendant not guilty." *Holmes v. State*, 660 So. 2d 1225, 1227 (Miss. 1995).

Clark faults the State for failing to have fingerprints, a rape kit, or scientific evidence tying him to the crime scene. The absence of such evidence does not show that the verdict is against the weight of the evidence. *See Taylor v. State*, 672 So. 2d 1246, 1255-56 (Miss. 1996). Here there was unequivocal testimony from two witnesses as to the robbery and rape. Although Clark argues that A.L. had bad eyesight, and N.W. had only seen Curtis once before, the credibility of these witnesses was for the jury to decide. There is no showing that the trial court abused its discretion in denying the motion for a new trial.

**THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION ON COUNT I OF ARMED ROBBERY AND SENTENCE OF THIRTY YEARS TO RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED, WITHOUT THE POSSIBILITY OF PAROLE; COUNT II OF RAPE AND SENTENCE OF THIRTY YEARS TO RUN CONSECUTIVELY TO COUNT I; COUNT III OF GRAND LARCENY AND SENTENCE OF FIVE YEARS TO RUN CONSECUTIVELY TO COUNT II, ALL TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF**

**CORRECTIONS, IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO COAHOMA COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**