744 So.2d 833 (1999)
Alfred T. JOHNSON a/k/a Alfred Tijuan Johnson, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01517-COA.
Court of Appeals of Mississippi.
May 4, 1999.
*834 Thomas M. Fortner, Robert M. Ryan, Sharon D. Henderson, Jackson, Attorneys for Appellant.
Office of the Attorney General by Dewitt T. Allred III, Attorney for Appellee.
BEFORE McMILLIN, C.J., KING, P.J. AND DIAZ, J.
McMILLIN, C.J., for the Court:
¶ 1. Alfred T. Johnson has appealed his conviction of armed robbery. He raises four issues on appeal. We find one issue to have merit which requires this Court to reverse the conviction. Because certain of the other issues may arise on retrial, we will also discuss them.

I.

Facts
¶ 2. Evidence presented by the State showed that Johnson entered a pizza parlor in the city of Jackson on the night of February 25, 1995, and placed an order for a pizza. As he was paying for his food, it became necessary for the employee to unlock the cash drawer. At that point, Johnson drew a pistol, placed it to an employee's head, and hurriedly took the money from the cash drawer, scattering several bills on the floor in the process. The employee testified that he was unable to ascertain the exact amount of cash taken but that he knew it consisted entirely of one dollar bills and five dollar bills because that was all that was in the cash drawer at the time. Johnson was arrested minutes after the incident when investigating officers saw him entering a vehicle and determined that he fit the description they had just obtained from the pizza parlor employee. The officers discovered a pistol and a stack of bills consisting entirely of one dollar bills and five dollar bills totaling $77 on the vehicle's seat.
¶ 3. Johnson, testifying in his own defense, claimed to have paid for a pizza with eight one dollar bills only to have discovered immediately thereafter that he had *835 been given the wrong order. He claimed that, after a heated discussion with the employee of the establishment, he drew a pistol and demanded his own money back. He testified that the employee handed him a stack of bills that he assumed to be his refund and that he was unaware that he had been given substantially more than the eight dollars he had tendered for his pizza.

II.

The First Issue: An Alleged Discovery Violation
¶ 4. Johnson claims on appeal that the trial court erred in refusing to exclude the testimony of two pizza parlor employees who were present at the time of the incident because of their refusal to submit to an interview with defense counsel prior to trial. Johnson claims that this was a discovery violation. It is not. Neither the prosecution nor the trial court has the authority to compel reluctant witnesses to discuss their prospective testimony with defense counsel in advance of trial. Eakes v. State, 665 So.2d 852, 863 (Miss.1995). The State, in compliance with discovery requests, provided Johnson with the names of these two witnesses and gave a brief indication of the nature of their knowledge about the facts of the case. This fulfilled the requirement of Uniform Circuit and County Court Rule 9.04 A 1. There is no claim that the State urged these two witnesses not to discuss their knowledge of the case with defense counsel. To the contrary, defense counsel himself stated that the direction not to participate in the requested interview came from a member of management of the pizza establishment. That is a matter beyond the control of the prosecution.

III.

The Second Issue: Prosecutorial Misconduct
¶ 5. Johnson claims in his second issue that the trial court erred in failing to grant a mistrial after the State purposely attempted to put before the jury certain evidence that the trial court had previously excluded as prejudicial.
¶ 6. During the State's case in chief, one of the arresting officers was asked whether or not Johnson's pistol was cocked and ready to fire when it was recovered from the vehicle. The defense objected, claiming that whatever probative value this fact might have was substantially outweighed by its prejudicial impact. See M.R.E. 403. The trial court, in ruling on the objection, noted that certain matters raised by defense counsel in opening statement could have made the condition of the firearm an issue at trial. However, the court concluded that, until the defense actually put on the evidence mentioned in opening statement, the question of whether the gun was cocked had no particular relevance. The court expressed some doubt as to the propriety of permitting the State to put in potentially relevant rebuttal evidence during its case in chief solely because of representations contained in defense counsel's opening statement.
¶ 7. Out of an abundance of caution, therefore, the trial court excluded the evidence at that time. Such a ruling is an appropriate role of the trial court under Mississippi Rule of Evidence 403. However, the record leaves little doubt that the court's ruling purposely left open the possibility that, depending on the course of the defendant's proof, the balance under Rule 403 could, at a later point in the trial, tip in favor of admissibility. We agree with the State's position that it appears that the prosecuting attorney, while cross-examining a defense witness after the defense had begun to put on its case, was apparently convinced that the defense's evidence had altered the importance of this evidentiary fact to make it admissible. That he was wrong in the view of the trial court, as demonstrated by the trial court's sustaining defense counsel's objection, does not necessarily mean that the prosecuting attorney was purposely attempting to circumvent the trial court's earlier ruling. *836 Additionally, we do not find that the one question, which went unanswered after a prompt objection by defense counsel, was so inflammatory or prejudicial that the mere suggestion that the pistol may have been cocked when it was retrieved required a mistrial. Whether the pistol was cocked at the time it was recovered by investigating officers would seem to be only marginally probative on the question of whether it was also cocked at the time it was drawn in the pizza parlor. In the same vein, the question of whether the pistol was cocked during the course of the incident in the pizza parlor would seem to have very little probative value on the issue of whether Johnson intended to rob the business. It is difficult for this Court to conclude that reasonable jurors, deciding this case objectively on the evidence, would find themselves teetering in equipoise between conviction and acquittal depending on whether they believed Johnson's pistol was cocked or uncocked when he pulled it on the pizza parlor employee. The very fact that this question seems largely inconsequential demonstrates that it could not reasonably be seen as inflammatory or substantially prejudicial.
¶ 8. Johnson's alternate argument that it was inflammatory because it permitted the jury to speculate that Johnson might have been considering using the pistol to resist his arrest, thereby interjecting evidence of other bad acts into the trial in violation of Mississippi Rule of Evidence 404(b), does not appear particularly compelling to this Court.
¶ 9. We, therefore, conclude this issue to be without merit.

IV.

The Third Issue: A Claim That The Jury Was Not Properly Instructed
¶ 10. Johnson urges that the jury was not fully instructed on all of the necessary aspects of the crime of robbery because of the trial court's refusal to expand on the concept that, in order to convict, the State was required to prove that Johnson, in taking money from the pizza parlor, intended to permanently deprive the pizza parlor of its property. There is ample authority to support Johnson's position on this point. Williams v. State, 590 So.2d 1374, 1379 (Miss.1991); Thomas v. State, 278 So.2d 469, 472 (Miss.1973).
¶ 11. Johnson suggests that the only instruction defining the elements of robbery, even though given by the court without objection from Johnson, failed to properly inform the jury of this essential element necessary to convict. The instruction said the jury could convict if it found merely that Johnson "wilfully took and carried away the property of" the pizza business without mentioning that the taking must have been with the specific intent to permanently deprive the rightful owner of the money.
¶ 12. In Hunter v. State, the Mississippi Supreme Court acknowledged the fundamental principle that the prosecution must prove each element of the charged crime, but went on to recognize a "corollary" to that principle that "because the State has to prove each element of the crime beyond a reasonable doubt, then the State also has to ensure that the jury is properly instructed with regard to the elements of the crime." Hunter v. State, 684 So.2d 625, 635 (Miss.1996). The supreme court held that a failure to fully instruct the jury as to the essential elements of the crime was a fundamental error affecting the validity of the conviction that would require an appellate court to note the failure as plain error. Id. at 636.
¶ 13. The State, in its brief, urges that the instruction sufficiently defines the elements of the crime because it tracks the robbery statute, citing such cases that have held to that effect as Sanders v. State, 586 So.2d 792, 796 (Miss.1991) and Johnson v. State, 475 So.2d 1136, 1140 (Miss.1985). While this argument may have legal validity, it lacks factual support in this instance. The instruction charges *837 only that the taking was "wilful" whereas the statute requires that the taking be "felonious." It is well-established in the law that a charge of "felonious taking" carries with it an implied assertion of the requisite intent to permanently deprive the rightful owner of the taken property. State v. Snowden, 164 Miss. 613, 619, 145 So. 622, 622-623 (1933); BLACK'S LAW DICTIONARY 617 (6th ed.1990). We find no authority that the same construction can be given to a "wilful taking," and we think that, in fact, such a charge does not imply the intent to permanently deprive since a taking may be wilful but lack altogether any intention to permanently retain the property. By way of example, in the case of Williams v. State, the defendant defended a charge of robbery in the taking of a firearm by admitting the purposeful taking but claimed that his intention was only to temporarily take possession of the weapon while his victim's temper cooled. Williams v. State, 590 So.2d 1374 (Miss. 1991).
¶ 14. The State alternatively argues that the insertion of the phrase "and carried away" in the instruction, a phrase not contained in the robbery statute, is enough to charge Johnson's felonious intent in taking the pizza parlor's money. Proof of asportation, though an element of larceny, is not necessarily an element of robbery since robbery may, on the proper facts, be proven by the mere attempt to take the property of another from his person or presence. Cooper v. State, 386 So.2d 1115, 1116 (Miss.1980). Nevertheless, when property is actually taken, it has been said that robbery is but an aggravated form of larceny, having added to it the extra dimension of violence or threat of violence against the rightful possessor. Holmes v. State, 660 So.2d 1225, 1227 (Miss.1995). With that in mind, the State might have a persuasive argument on this score if it could be shown that an allegation of taking and asportation, standing alone, was sufficient to charge larceny. We find no such authority. The law seems clear that, as to the crime of larceny, there are three essential elements: (a) a wrongful taking, (b) an asportation, and (c) a demonstration that the taking and asportation were with the intent to permanently defeat the rightful owner's rights as to the property. Simmons v. State, 208 Miss. 523, 526, 44 So.2d 857, 858 (1950).
¶ 15. The problem with the instruction in this case was highlighted by the fact that the jury, during the course of its deliberations, sent out a note asking to be given a legal definition of the crime of armed robbery. The trial court, in response, told the jury only that the instruction discussed above contained the requested legal definition. For the reasons we have discussed, we conclude that it did not. It is impossible to determine what issues the jury was wrestling with that prompted its request for more information. However, in view of Johnson's defense, which did not deny the essential operative facts, but only advanced the notion that he was retrieving his own money, it is reasonable to conclude that the jury was resolving the issue of Johnson's intentions. In that circumstance, we are satisfied that the instruction referred to by the trial court in its response left an essential element of the crime unexplained to the jury and, thus, cannot form the basis for a criminal conviction of robbery.
¶ 16. By holding that the instruction on the elements of the crime was incomplete, we do not mean to suggest that, had Johnson proven that his sole purpose in drawing the pistol was to obtain a refund because of the unsatisfactory nature of his pizza, he could not be convicted of armed robbery. Once the commercial transaction was completed through the exchange of money and the product, the money became the sole property of the pizza parlor, and any attempt to enforce a rescission of the completed contract of sale at gunpoint could not be explained away as an unwise means of retrieving one's own property.
¶ 17. Nevertheless, the law is quite clear that it is not enough to sustain *838 a conviction to show that the State proved beyond reasonable doubt all of the essential facts necessary to convict. The charging document must allege with some measure of clarity all of the elements of the crime and the instructions to the jury must, likewise, plainly instruct the jury as to those essential elements that it must find to exist in order to convict. Hunter v. State, 684 So.2d 625, 636 (Miss.1996). Because, in the crime of robbery, the intention of the perpetrator to permanently deprive his victim of his property is an essential element of the crime and because, even under the most generous reading of the only instruction setting out the elements of robbery, the issue of intent was not addressed, we conclude that this conviction must be reversed and the cause remanded for a new trial.

V.

Additional Issues
¶ 18. Johnson claims that the evidence supporting his conviction was insufficient, thereby entitling him to a directed verdict of not guilty, or alternatively that the verdict was contrary to the weight of the evidence, thereby entitling him to a new trial. As to his attack on the sufficiency of the evidence, we have reviewed all of the evidence and conclude that the State presented competent proof as to each of the essential elements of the crime. We are not convinced that a reasonable juror could, on the record of this trial, only return a verdict of not guilty. Therefore, there is no basis for this Court to hold that the trial court erred in denying Johnson's post trial JNOV motion. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 19. The claim that the jury's verdict was contrary to the weight of the evidence has been rendered moot by our decision to reverse and remand for a new trial on other grounds. We, therefore, find it unnecessary to consider that issue.
¶ 20. Johnson's issue concerning a motion in limine to exclude certain statements made by Michael Morgan is also rendered moot by our decision.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, AND THOMAS, JJ., CONCUR.
BRIDGES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE AND PAYNE, JJ.
IRVING, J., NOT PARTICIPATING.
BRIDGES, J., dissenting:
¶ 22. While I concur with the majority's opinion regarding issues I, II, and IV, I respectfully dissent from the majority's decision regarding issue III. Johnson contends that the jury was improperly instructed on the elements of the crime of robbery. He maintains that the only jury instruction defining the elements of robbery fails to inform the jury of the necessary "felonious" taking. However, Johnson made no objection to this instruction in the trial court. Our supreme court has held that when there is no contemporaneous objection to the jury instruction in the trial court, the issue is waived for the purposes of appeal. Smith v. State, 729 So.2d 1191 (Miss.1998); Finley v. State, 725 So.2d 226, 235 (Miss.1998); Jones v. State, 606 So.2d 1051, 1058 (Miss.1992). Therefore, this issue is procedurally barred.
¶ 23. This issue is also without merit. Any error in instructing the jury on a "wilful" taking instead of a "felonious" taking was, at most, harmless. Our supreme court has held that jury instructions are to be read as a whole and can be tailored to the specific facts of the case. Jackson v. Griffin, 390 So.2d 287, 290 (Miss.1980); Fairley v. State, 467 So.2d 894, 901 (Miss. 1985). The Mississippi Supreme Court *839 has also held that "synonymous phrases" and "interchangeable words" can be used in a jury instruction to properly instruct the jury. Johnson v. State, 475 So.2d 1136 (Miss.1985); Lancaster v. State, 472 So.2d 363, 367 (Miss.1985). In Johnson, the appellant claimed the word "feloniously" should be used in the jury instruction, but the court said "without authority of law" is synonymous with "feloniously". Id. In Finley, the jury instruction on robbery read "wilfully and unlawfully taking". Finley, 725 So.2d at 235. In this case, the instruction read "wilfully took and carried away." In accordance with the preceding case law, it is my opinion that the instruction as a whole was specifically tailored to the facts of this case, and there is no reversible error. Fairley, 467 So.2d at 894. Just because the instruction did not state the word "feloniously" does not mean that the jury was not properly instructed on the elements of the crime. Johnson, 475 So.2d at 1136. Any error, at most, was harmless, and for these reasons, I respectfully dissent.
LEE AND PAYNE, JJ., JOIN THIS SEPARATE WRITTEN OPINION.