KING, P.J.,
for the Court:
¶ 1. Robert Love (Love) was convicted of manslaughter by the Circuit Court of Sunflower County and sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections with five years suspended and three years post-release supervision. Love was also ordered to pay $1658 in court costs and fees. Aggrieved by his conviction and sentence, Love has appealed to this Court and raises the following issue which is taken verbatim from his brief: the verdict was against the overwhelming weight of the evidence and the State failed to prove appellant guilty beyond a reasonable doubt.
FACTS
¶ 2. On December 15, 1997, the Grand Jury of Sunflower County charged Robert Love with manslaughter. At trial, the State’s witnesses included: Steven Hayne, M.D. who performed the autopsy on the deceased, Reba Beckworth a long time friend of the deceased, Officer Colin Viner of the Moorehead Police Department, and Henry Manuel, police chief of the town of Moorehead.
¶ 3. Beckworth testified that on November 4, 1997, she, Love, and the victim Robert Potts (Potts) were at Potts’s home in Moorehead, Mississippi drinking alcoholic beverages. As the evening progressed, Potts and Love began arguing. Potts asked both Love and Beckworth to leave his home. Love refused to go. Potts grabbed Love and pulled him out of the house. Beckworth was standing in the living room behind Potts and could not see what happened next. However, she heard Love tell Potts that he had a knife. Love left and Potts turned around, went into the kitchen and sat down. Beckworth did not leave, but instead sat back down on the sofa. A few minutes later Beckworth noticed Potts fall to the floor. She thought Potts was having a seizure. She went into the kitchen to help him sit up. She gave him a glass of water and washed his face. Potts fell again. She ran outside where she saw two men and asked them to call for help. Beckworth went back inside and stayed with Potts until help arrived.
*515 ¶ 4. On cross-examination, Beckworth stated that she saw Love turn to leave, then turn back around and hit Potts. Potts grabbed his chest after Love hit him. Beckworth testified that within the past year Potts and Love had been involved in approximately five or six other incidents similar to the one that lead to his death.
¶ 5. Henry Manuel (Chief Manuel), chief of police of Moorhead, stated that Potts was conscious when he arrived. He spoke to Potts while they were waiting for the ambulance. Chief Manuel asked Potts what happened, and Potts replied that “Man Love stabbed me and I’m going to get him.” Chief Manuel spoke with Beck-worth at the scene. She too indicated that Love stabbed Potts.
¶ 6. Officer Colin Viner (Viner) was called to investigate the stabbing. While at the scene, he received information as to the whereabouts of Love. Viner and another officer left the scene and went to a house two houses behind Potts’s home. They found Love hiding in a closet of the home. Love was taken into custody and transported to the Moorehead Police Station. Love was searched and read his Miranda rights. A filet knife was found in Love’s pants pocket. The knife was turned over to Chief Manuel. Questioned about the incident, Love confessed to stabbing Potts. Love indicated a belief that he had stabbed Potts in the stomach. No record was made of the confession.
¶7. Dr. Steven Hayne, who performed the autopsy on Potts, testified that the cause of death was a single stab wound to the chest. Dr. Hayne testified that the wound was consistent with the type of wound that could be produced by the filet knife found in Love’s pants pocket.
¶ 8. At the conclusion of the State’s ease-in-chief, defense counsel moved for a directed verdict. The motion was overruled, and the defense began its case-in-chief. The defense recalled Beckworth for the limited purpose of admitting into evidence the written statement made by her the night of the stabbing. Love chose not to testify on his own behalf. The defense then rested its case. The jury found him guilty of manslaughter, and the court sentenced him to fifteen years in the custody of the Mississippi Department of Corrections with five years suspended and three years post-release supervision as well as court cost and fees.
ANALYSIS AND DISCUSSION OF THE LAW
I.
The verdict was against the overwhelming weight of the evidence and the State failed to prove appellant guilty beyond a reasonable doubt.
¶ 9. Love contends the court erred in denying his motion for a directed verdict because there was not enough evidence of a sufficient weight to support a conviction for manslaughter. Love bases his argument on Chief Manuel’s testimony that the alleged confession was not put in writing. This Court observes that, while it is the preferred practice, there is nothing which requires a confession to be written to be credible. Love also suggests that the inconsistencies in Beekworth’s statement and her testimony make the proof insufficient.
¶ 10. It is the province of the jury to determine the credibility and weight of the evidence offered. McClain v. State, 625 So.2d 774, 778 (Miss.1993). In the present case, testimony was given by Chief Manuel that the victim, Potts, stated that Love stabbed him. Beckworth, who was present at the time of the stabbing, testified to Love’s involvement. The arresting officers found a filet knife in Love’s pants pocket. Dr. Hayne, the coroner, testified that the wound which lead to Pott’s death was consistent with the type of wound made by a filet knife. And finally, Officer Viner and Chief Manuel both testified that Love admitted to them that he stabbed Potts but thought it was “in the stomach”.
*516 ¶ 11. Love was convicted after the jury heard testimony from all the witnesses. If the jury believed only one witness was credible and believed that testimony, then that is enough to sustain Love’s conviction for manslaughter. Holmes v. State, 660 So.2d 1225, 1227 (Miss.1995). “Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” White v. State, 732 So.2d 961 (¶20) (Miss.1999)(citing Herring v. State, 691 So.2d 948 (Miss.1997)). The verdict returned by the jury in this case was not against the overwhelming weight of the evidence.
¶ 12. THE JUDGMENT OF SUNFLOWER COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE TO 15 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH 5 YEARS SUSPENDED AND 3 YEARS POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS ARE ASSESSED AGAINST SUNFLOWER COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.