SOUTHWICK, P.J., for the Court.
¶ 1. A Harrison County Circuit Court jury convicted John Curtis Lee of robbery. On appeal he claims error from the State’s introduction of color photographs, the failure to grant certain jury instructions, and the absence of sufficient evidence. We disagree and therefore affirm.
¶ 2. On November 9, 2001, William Bryant had just gotten paid three hundred dollars in cash as wages for his work. *544 Bryant had worked for a landscaping company for twelve years. The employer had a practice of paying his twelve to fourteen member crew in cash from his apartment, a practice that might have been known by others. The work crew waited in the parking lot outside the employer’s apartment and were individually called to receive their pay. On this particular day, Bryant noticed some men who were not crew members waiting in the parking lot as well. He recognized one of them as a young man that he knew by the name of John. He did not know his last name. After getting paid, Bryant decided to walk to a local bar. John offered to walk with him.
¶ 3. As the two men walked towards the bar, John asked Bryant for a cigarette. As Bryant was getting the cigarette, John hit him in the face with a metal object. A scuffle ensued and Bryant was pushed into a ditch. John placed his knee in Bryant’s back, said “give it up,” reached into Bryant’s pocket and took the cash. After he took the money, two other men who knew Bryant came up and caused John to run away. He dropped the money, returned for it, then ran again.
¶ 4. Bryant walked one block to the police department to report the attack. An ambulance took Bryant to the hospital. There, a detective questioned Bryant and took pictures of his injuries. Bryant was able to tell the detective that his attacker was named John. The officer compiled a six-person photo line-up. Bryant identified John Curtis Lee.
¶ 5. At a January 2003 trial, Lee was convicted of robbery and given a seven year sentence.
DISCUSSION

1. Photographs

¶ 6. Lee claims that the lower court erred in allowing the admission of two photographs. First, Lee argues that the trial judge erred in allowing the introduction of a color photographic line-up. During discovery, black and white copies of the photographic line-up had been furnished to the defense. Lee states that the “colored photo of the lineup left no question that Mr. Bryant had circled the picture of the Defendant, John Lee Curtis, while the black and white photo was barely visible and left the issue in grave doubt.” He further argues that because the prosecution was allowed to supplement the photos on the morning of trial, over his objection, he was subjected to “unfair surprise and trial by ambush.”
¶ 7. At the hospital, the color photographs were shown to Bryant. After Bryant identified the robber, the detective made a black and white copy of the photographs so that Bryant could circle, date, and initial the Lee’s picture. The detective did not want writing to appear on the only color copy that was available. The black and white copy with Bryant’s circle, date, and initial was presented during discovery. The color photograph was presented on the morning of trial. At trial, Lee’s counsel was given the opportunity to compare this photograph with the black and white one that was produced during discovery. He had the option of requesting a continuance in order to avoid the consequences of “unfair surprise and trial by ambush.” The record reveals that he objected on the basis of a discovery violation, but there is no recorded request for a continuance. We find nothing for which a continuance would have been needed. The victim testified that he already knew Lee before the incident, and the identification was therefore not a meaningful issue.
¶ 8. Second, Lee claims that the judge erred in allowing the admission of photographs, presented on the morning of *545 trial, depicting the injuries suffered by Bryant. The photographs were taken in the hospital emergency room as Bryant was receiving medical attention. For some reason, the color photographs were not discovered by the prosecutor until the day before trial. The photographs were admissible to show the extent of the victim’s injuries. One of the reasons the injuries were relevant was that the indictment charged that Lee had taken Bryant’s money “by violence to his person.” The photographs are not gruesome, as they show Bryant with a swollen eye, and blood and perhaps swelling on one side of his face. They pictorially confirmed Bryant’s testimony about his injuries. Lee did not on the record request a continuance because of the late discovery of the color photographs. There was a bench conference regarding counsel’s objections, and we do not know what was said. No abuse of discretion occurred in allowing the admission of the photographs depicting the injuries.

2. Jury Instructions

¶ 9. Lee claims that the lower court erred in failing to grant two jury instructions, D-3 and D-8.
¶ 10. Instruction D-3, the reasonable juror instruction, was presented by Lee as follows:
The Court instructs the Jury that a reasonable doubt may arise from the whole of the evidence, the conflict of the evidence, the lack of the evidence, or the insufficiency of the evidence; but however it arises, if it arises, it is your sworn duty to find the Defendant “Not Guilty.”
¶ 11. The State objected that D-3 was similar to instruction D-Ah
The Court instructs the Jury that under the law you do not have the right to convict John Curtis Lee upon mere suspicion. You may not convict John Curtis Lee just because there may be a preponderance of evidence against him or just because there may be a reason to suspect that he is guilty.
Suspicion, no matter how strong never rises to the dignity of proof beyond a reasonable doubt. Before you can find John Curtis Lee guilty you must be convinced solely upon the evidence presented during this trial that he is guilty beyond a reasonable doubt.
¶ 12. The judge provided an opportunity for Lee to choose between the two similar instructions. Lee chose instruction D-4 for presentation to the jury. Refusal to include a repetitive jury instruction is not error. Jackson v. Daley, 739 So.2d 1031,1037 (Miss.1999).
¶ 13. Lee fortifies his argument for inclusion of instruction D-3 by relying upon caselaw from Wilcher v. State, 455 So.2d 727 (Miss.1984). Lee argues that this Court has previously condoned a similar instruction in Wilcher. All Wilcher means is that either instruction might have been an adequate presentation of the issue. There was no need for both, however.
¶ 14. 'Next, Lee argues that the trial court erred in denying instruction D-8. He argues that this instruction was critical to his defense:
The Court instructs the Jury that each one of you has a duty in this case to decide the issues for yourself. If, after considering all the evidence, the instructions of the court, and after free consultation with your fellow jurors, you continue to have any reasonable doubt, then you must vote NOT GUILTY on each and every ballot of the Jury. Unless any reasonable doubt is completely removed from your mind by the evidence and the evidence only, you must never retreat from your opinion in this regard because of pressure from your fellow jurors, be *546 cause of the lateness of the hour, or for any other reason whatsoever.
The trial judge did not allow instruction D-8 because he determined that it was repetitive of the Court’s instruction C-2:
The verdict of the jury must represent the considered judgment of each juror. In order to return a verdict it will be necessary that each juror agree thereto. In other words, all twelve jurors must agree on a verdict in this case. It is your duty as jurors to consult with one another and to deliberate in view of reaching an agreement if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.
¶ 15. As we found with the previous instruction, the denied explanations were in their essentials presented in a different instruction.

3. Jury Verdict

¶ 16. Lee argues that the evidence presented at trial was insufficient to support his conviction and that the trial court should have granted his motion for a directed verdict, motion for judgment notwithstanding the verdict and a peremptory instruction. Each of these motions are raised to test the legal sufficiency of the State’s evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). We must view the evidence in the light most favorable to the State and accept as true all evidence which supports the verdict without weighing the credibility of the evidence in this Court. Id.
¶ 17. Lee argues that since Bryant was the only eyewitness to the crime, there was not enough evidence to support the conviction. However, the testimony of one eyewitness is adequate to sustain a criminal conviction. Holmes v. State, 660 So.2d 1225, 1227 (Miss.1995). The record reveals consistent testimony by Bryant that he knew who robbed him. We find approximately eight affirmative statements identifying the person who robbed him to be John. Further, the record reveals that Bryant first knew John as a child visiting in his place of residence. On the walk to the bar, there was nothing to distract Bryant’s attention from the person who robbed him. Bryant immediately walked to the police department after the robbery and told the officers that he had been robbed by John. The only uncertainty was that Bryant did not know John’s last name. The jury found Bryant to be credible. There is no basis for this Court to disturb that conclusion.
¶ 18. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., BRIDGES, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.